(No. 27310.—)
Svithiod Singing Club *et al., vs.* George B. McKibbin, Director of Finance, *et al.,* Appellants.—(The Women's Athletic Club of Chicago, Intervening Petitioner, Appellee.)

*Opinion filed November 19, 1943.*

George F. Barrett, Attorney General, (William C. Wines, of counsel, for appellants.

Adelbert Brown, for appellee.

Mr. Justice Stone delivered the opinion of the court:

In this case the Woman's Athletic Club of Chicago, appellee, as intervening petitioner, on leave granted in *Svithiod Singing Club et al* v. *McKibbin,* reviewed by this court in volume 381 of its reports, at page 194, on remandment of that case sought to require the Department of Finance to issue to it a credit memorandum for retailers' occupation tax paid by it during the pendency of the *Svithiod case.* After this court in its former opinion held that *bona fide* social clubs are not liable for the retailers' occupation tax, this appellee was granted leave to intervene in the parent case and filed a petition for credit

allowance. The appellants here moved to strike that petition. That motion being overruled, appellants abided it and the circuit court of Cook county entered judgment granting credit allowance to appellee. The matter is brought here by the Director of Finance *et al.*, contending that the court erred in granting such relief.

This appellee was one of many like social clubs which were permitted to intervene in the parent cause after the remandment of the cause following the decision of this court in the *Svithiod case*. The question involved is whether the Woman's Athletic Club of Chicago and like *bona fide* social clubs are entitled to a refund of the tax under section 6 of the Retailers' Occupation Tax Act granting such relief where the taxes are paid "as a result of a mistake of fact or error of law."

Appellants argue here that section 6, as amended in 1941, (Ill. Rev. Stat. 1941, chap. 120, par. 445,) excludes from the privilege of refund all vendors who have passed on the tax to their vendees and have not repaid such tax to them, and that this appellee and like social clubs who have followed the same practice, are not entitled to a refund unless and until they have shown repayment to their vendees of the tax collected. It is not contended in this case that such repayment has been made.

Appellee argues that section 6 of the Retailers' Occupation Tax Act is a remedial measure and should be liberally construed. The question presented here, and the only question, is the construction of that section as amended in 1941. That section provides that where it shall appear that an amount of tax, penalty or interest has been paid which was not due under the provisions of the Retailers' Occupation Tax Act, whether as the result of a mistake of fact or an error of law, such amount shall be credited against any tax due, or to become due, or shall be refunded. The amendment in 1941 was made by adding the following proviso: "Provided further that no credit

shall be allowed or refund made of any amount paid by or collected from any claimant unless it shall appear (a) that the claimant bore the burden of such amount and has not been relieved thereof nor reimbursed therefor and has not shifted such burden directly or indirectly through inclusion of such amount in the price of the tangible personal propery sold by him or in any manner whatsoever; and that no understanding or agreement, written or oral, exists whereby he may be relieved of the burden of such amount, be reimbursed therefor or may shift the burden thereof; or (b) that he has repaid unconditionally such amount to his vendee (1) who bore the burden thereof (2) who has not been relieved thereof nor reimbursed therefor, and has not shifted such burden directly or indirectly and (3) who is not entitled to receive any reimbursement therefor from any other source, or to be relieved of such burden in any manner whatsoever." The portion of this amendment directly under consideration here is that which forbids a refund unless "the claimant bore the burden of such amount and has not been relieved thereof nor reimbursed therefor and has not shifted such burden directly or indirectly through inclusion of such amount in the price of the * * * property sold * * * in any manner whatsoever."

Appellee argues that by reason of the "economic hegemony" existing between the club and its members, the club for all practical purposes is in the situation of a vendor who has repaid his vendee, and that there was in fact no passing on of the tax. Appellants argue that the exaction of a separate amount on account of the tax from the member or guest purchasing food or drink constituted a passing on of the tax within the meaning of section 6 of the act, and so appellee is not entitled to a refund, and that since, as this court decided in the original *Svithiod Singing Club case,* the transactions resulting in the collection of the tax were in fact sales, it is conclusive that there

was both a vendor and a vendee distinct from one another and they could not be considered the same. Appellee disavows any claim that the club and its members are one and the same but insist that since the club can translate its funds only into increased club facilities, it is in effect in the same position as a vendor who has unconditionally paid the tax to the vendee, or at least a refund to it is in effect a refund to the members who paid the tax. It is pointed out that the purpose of the 1941 amendment was not to prevent all recovery of taxes paid though not due, but to prevent unjust enrichment to those who have collected the tax from the customer before turning it over to the State, and it is urged that under the peculiar economic arrangements existing in a club of this character there is no unjust enrichment, as those who bore the burden of the illegal exaction are beneficiaries of the refund.

In the parent case, *Svithiod Singing Club* v. *McKibbin,* 381 Ill. 194, this court held that the tax is not a privilege tax imposed upon the purchaser nor a property tax upon the items sold, but is an occupation tax imposed upon a class of vendors engaged in the business of selling tangible personal property at retail. In other words, the tax is assessed against the business based upon its volume and not against the purchaser. In that case it was also held that the club was not engaged in the business of selling tangible personal property at retail, hence not subject to the payment of the tax. It was, however, held that the transactions between the club and its members or guests, by which food and drink were furnished, while but incidental to the business of the club, were nevertheless sales.

Appellee admits that it collected, as a separate charge against those of its members or guests to whom it served food and drink, the tax sought to be recovered by it, but urges that since appellee is a social club, not subject to payment of the tax, the exaction by it of an illegal tax from those of its members availing themselves of such

services, or the recovery of that tax paid under protest to the State, cannot amount to an unjust enrichment to the club since no dividends are declared or distribution made to stockholders, but such tax when collected as a refund is available to the entire club membership for better facilities and does not represent a refund of taxes previously passed on to the general public. Appellants, on the other hand, argue that the fact of adding the tax to the price charged the member or guest is a passing on within the meaning of section 6 .of the act, and puts appellee without the pale of those entitled to a refund.

Appellee also argues that the tax collected was more in the nature of an assessment. against those members and guests who bought food and drink, and was thus imposed as the most equitable means of paying the tax for which the club was then considered liable, and that if it were to be paid to the State by the club, rather than the members and guests served, the result would be the payment of the tax by the entire club membership though but a part of the members got the benefit of the sales, and, as we understand the argument, it was only fair and equitable that the individual member and not the membership as a whole pay the tax as an additional price for the food. By the same token, if a refund is to be made, it can scarcely be said to be fair or equitable to refund the tax to the entire membership when it had been paid by a part only of the members and by guests. Such refund could scarcely be said to result in a fund similar to an assessment which all paid for the benefit of all who chose to avail themselves of such benefit. If appellee's argument that, when recovered, the fund is to be used for the benefit of all the membership is sound, it must follow that a repayment to the club of this tax would result in procuring for the club a fund benefiting all members but furnished only by a part. It is not claimed that the club is empowered to assess only a part of its membership for the benefit of all.

The question here is whether the club has passed on this tax. The transactions from which this tax was collected by the club were sales, not to the entire membership but to those only who purchased the food or drink. So far as the tax was concerned the parties were separate and distinct entities,—vendor and vendee. Though it be said that such club is, from an economic standpoint, merged into its membership, an unjust enrichment results to those members who did not pay the tax but who, on refund, receive a benefit they did not pay for.

Shorn of the niceties of argument, the situation, as we view it, is this: The club charged this tax to the members or guests making the purchases; the club was the vendor and the member, not as one of a group but personally, was the vendee; the sale was a vendor and vendee transaction; the member and not the membership paid the tax. This must be deemed a passing on of the tax to such member or to guests of the club who procured food or drink. It is not contended that the General Assembly did not have power to so limit refunds of such taxes erroneously paid, and while appellee earnestly argues that the State is unjustly enriched by refusal to refund such taxes, since they were not legal exactions, it must be pointed out that such unjust enrichment to the State, if such it be, is not at the expense of this appellee who did not pay the tax but passed it on to others.

We are of the opinion that the appellee in this case falls within the prohibition of section 6 against refund, and that the trial court erred in awarding the relief sought by it. Its judgment is therefore reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

*Reversed and remanded, with directions.*