(No. 34957.—

HARRISON SHEET STEEL COMPANY, Appellee, *vs.* RICHARD J. LYONS, Director of Revenue, *et al.*—(SAMUEL PAREY, Appellant.)—SAMUEL PAREY, Appellant, *vs.* HARRISON SHEET STEEL COMPANY *et al.*—(RICHARD L. LYONS, Director of Revenue, *et al.*, Appellants.)

*Opinion filed January 23, 1959.*

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA

GROVES, of counsel,) for appellants the Director of Revenue *et al.,* and JOHN D. VOSNOS, of Chicago, for appellant Samuel Parey.

LAWRENCE & LAWRENCE, of Chicago, (LEONARD H. LAWRENCE, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

We allowed leave to appeal in this case because it presents problems of public interest, and because the decision of the Appellate Court appears to be in conflict with the earlier decision of another division of the same court in *Cohon* v. *Oscar L. Paris Co.* 17 Ill. App. 2d 21. In each case a seller of personal property had obtained a refund of amounts paid under protest under the Retailers' Occupation Tax Act. In each case a customer, from whom the seller had collected a sum designated as a tax, sought by a class action to recover the amounts so paid by himself and by other customers. In the *Cohon case* the First Division of the Appellate Court, First District, held that the action would lie. In this case the Third Division held that it would not. 18 Ill. App. 2d 16.

At least since 1947, the Harrison Sheet Steel Company has designed, manufactured, and installed cabinets, cabinet sinks and shower bath stalls for its customers. The Department of Revenue took the position that its sales of these articles measured a tax under the Retailers' Occupation Tax Act. The company disagreed. It paid the tax for the month of October, 1947, under protest, and commenced an action to enjoin the State officials from transferring into the State treasury the amount so paid, as well as future amounts paid under protest. A temporary injunction as prayed was granted on December 15, 1947. In April of 1948 the company filed an amended complaint, and in December of 1948 the defendants filed a motion

to dismiss it. Thereafter the case remained dormant, and the company continued to make monthly payments under protest.

On December 14, 1956, Samuel Parey filed an action against the company and the State officials who were named as defendants in the company's action. Parey's complaint recited the pendency of the company's action against the State officials. It alleged that on October 26, 1955, Parey had purchased and paid for a radiator cabinet from the company for which he was billed $57, plus a 3 per cent sales tax of $1.71. It also alleged that many other persons had similarly paid a tax billed by the company, that the company did not bear the burden of any of the taxes that it paid under protest, that the burden of all of those taxes had been borne by the company's customers, and that to refund the money paid under protest to the company would unlawfully enrich it at the expense of its customers. It alleged also, as did the company's complaint, that the transactions between the company and its customers did not measure a tax.

On December 21, 1956, a decree was entered in the company's case finding that the transactions in question did not measure a tax, enjoining the State officials from collecting future taxes based upon similar transactions, and ordering that the State Treasurer refund to the company the amounts paid under protest. The decree retained jurisdiction for the purpose of determining the amount to be refunded. On January 4, 1957, an order was entered directing the State Treasurer to refund to the company the sum of $41,810.45. The order further provided that "any funds remaining in said protest fund held by the State Treasurer, for the credit of said party deposited for taxable months after September, 1955, and in excess of the amounts directed to be refunded to said party, shall be released by the State Treasurer to the General Revenue Fund of Illinois."

On January 7, 1957, the company filed a motion to dismiss Parey's complaint upon the grounds (1) that the plaintiff alleged a purchase from the defendant on October 26, 1955, which is not within the period for which the company had been allowed its refund, and (2) that the averments in said plaintiff's complaint were substantially the same as those in the company's complaint, and that they had therefore been finally adjudicated. This motion to dismiss was allowed and judgment entered for the company. On the same day Parey's motion to consolidate the two cases, which had been filed in the company's action, was denied. Parey appealed to this court from the judgment entered against him in his own case and from the denial of his motion to consolidate in the company's case. The appeals were consolidated in this court and thereafter were transferred to the Appellate Court for the First District. That court affirmed the orders of the circuit court, (18 Ill. App. 2d 16,) and we allowed leave to appeal.

In this court the company makes no attempt to sustain the judgments of the circuit court and of the Appellate Court upon the grounds that were stated in its motion to dismiss Parey's complaint. Instead, it contends that the three per cent tax for which the company billed its customers was a part of the total selling price upon which the tax was payable, and is therefore not recoverable. It also contends that the essential requisites for a class action are lacking.

The form of the transaction between Parey and the company does not bar recovery. The company's invoice covered the purchase of one radiator cabinet and it listed in columnar form the following items: "Unit Price, 57.00; 3% tax 1.71; Total $58.71." The company thus shaped the transaction as one in which the customer was charged a specified price for the article sold, plus an amount which would cover the tax due from the company on account of the transaction.

We are concerned with rights and liabilities as between the company and its customers. In determining those rights and liabilities it is immaterial that the tax is levied upon the privilege of selling personal property at retail and that the liability of the seller to the State has been measured by its gross receipts which included the amount billed to the customer as a tax. (See *Vause & Striegel, Inc.* v. *McKibbin,* 379 Ill. 169.) The company has had the benefit of whatever competitive or other advantages it sought to gain by dealing with the tax as it did. The tax that the parties had in mind has failed, and the question now is whether the company, which took money from its customers upon the ground that a tax was due from it, can resist the claim of those customers for restitution.

We need not here consider whether the rigid distinctions that have sometimes been drawn between the right to recover money paid under mistake of fact and the right to recover money paid under mistake of law ever had historical justification as common-law doctrines. (See Restatement of Restitution, chap. 2, topic 3, Mistake of Law, Introductory Note.) Our problem is narrower, and with respect to it section 48 of the Restatement of Restitution states:

"Section 48—*Failure of Purpose*

"Unless otherwise agreed * * * a person is entitled to restitution for a benefit which he has conferred upon another as the whole or part of his performance of a contract with another, under the erroneous belief induced by a mistake of law, either shared by both or known to the other, that the manifested basic purpose of the contract can be carried out or is thereby achieved. If the purpose fails in part and the benefit is severable, there can be restitution pro tanto."

The third illustration under this section is: "A pur-

chases goods from B, it being agreed that B is to pay a supposed sales tax thereon with money supplied by A. A pays B $1,000, in addition to the purchase price, to pay the tax. No tax is due. A is entitled to restitution."

During all of the period that the company's action for refund was pending in the trial court, section 6 of the Retailers' Occupation Tax Act has provided machinery for the administrative determination of a claim "that an amount of tax or penalty has been paid which was not due under the provisions of this Act, whether as a result of a mistake of fact or an error of law,  *  *  *." And during all of that period section 6 has provided that one who claims a credit for the payment of taxes that were not due must establish "(a) that the claimant bore the burden of such amount and has not been relieved thereof nor reimbursed therefor and has not shifted such burden directly or indirectly through inclusion of such amount in the price of the tangible personal property sold by him or in any manner whatsoever;  *  *  *." (Ill. Rev. Stat. 1947, 1957, chap. 120, par. 445.) No reason has been suggested why the basic policy that the legislature has thus expressed is not equally applicable whether the proceeding is an administrative one terminating in the issuance of a credit memorandum for use in the payment of future taxes, or a judicial one terminating in the refund of cash held under an injunction by State officials. Cf. *Svithiod Singing Club* v. *McKibbin*, 384 Ill. 493.

The second question to be determined is the propriety of a class or representative action. This court has frequently discussed the requirements of such an action, and has held that a basic criterion is a community of interest in the subject matter and the remedy. (*Smyth* v. *Kaspar American State Bank*, 9 Ill.2d 27, 44.) The subject matter in this case is the refund to be received by the company under the decree of the trial court. The requested remedy

is the declaration of a constructive trust so that the amount refunded can be distributed to the company's customers who bore the burden of the tax.

The company contends that because the fund was created as a result of unrelated transactions, a class suit is inappropriate, citing *Peoples Store of Roseland* v. *McKibbin,* 379 Ill. 148. In that case, however, there was no common fund and the rights of the members of the alleged class depended upon different factual circumstances, to which different legal principles might be applicable. Here there is a common fund, and common factual and legal issues.

The company also contends that there is a possibility that individual questions may arise between itself and the members of the class. But the hypothetical existence of individual issues is not a sufficient reason to deny the right to bring a class action. Where it appears that the common issue is dominant and pervasive, something more than the assertion of hypothetical variations of a minor character should be required to bar the action. (See Kalven and Rosenfield, "The Contemporary Function of a Class Suit," 8 U. of Chicago L. Rev. 684, 694; Gordon, "The Common Question Class Suit," 42 Ill. L. Rev. 518.) The company's opportunity to defend any individual issues that may arise will not be impaired, and it can hardly be said that it will suffer greater inconvenience by litigating those issues in a single action instead of in separate actions.

From what has been said it follows that the motion to dismiss the complaint in Parey's action against the company should have been denied. Parey's appeal in the company's case is not from the final decree, but from the order denying his motion to consolidate the two cases. Such an order is not final, and so is not ordinarily appealable. There are instances in which particular circumstances have been held to give an order consolidating, or refusing to consolidate, sufficient characteristics of finality to support an appeal. (*Adler* v. *Seaman,* 266 Fed. 828, (C.C.A. 8);

*Wilhelm* v. *Hendrick,* 177 Ky. 296, 197 S.W. 836, (Ky. Ct. of App. 1917).) There is in this case no comparable necessity to relax the requirement of finality. The trial court has jurisdiction over all of the parties in Parey's case against the company, and the finality of the decree in the company's action for a refund will not interfere with the ultimate disposition of the fund in question.

The appeal in the company's case, Appellate Court No. 47350, is dismissed. In Appellate Court No. 47351, Parey's case, the judgments of the Appellate Court and of the circuit court are reversed and the cause is remanded to the circuit court for further proceedings, in accordance with the views expressed in this opinion.

> *App. Ct. No. 47350, appeal dismissed.*
> *App. Ct. No. 47351, reversed and remanded*
> *to circuit court.*