Robert B. Cook, Plaintiff-Appellee, v. Milton Cohn, et
al., etc., Defendants-Appellants.

**Gen. No. 47,893.**

First District, Second Division.
April 26, 1960.

Altheimer, Kabaker, Lipson & Naiburg, of Chicago
(Alan J. Altheimer, Herman A. Kabaker, Lionel G.
Gross, David V. Kahn, of counsel) for appellants.

Hertz, Cook and Flynn, of Chicago (Frederick J. Hertz, Robert B. Cook, A. Louis Flynn, of counsel) for appellee.

JUSTICE KILEY delivered the opinion of the court.

This is a representative suit by a customer of defendants Milton Cohn and Aaron Greenfield, d/b/a Contractors' Furniture and Carpet Co. (called Seller herein), for declaration of a trust upon a sales tax refund, and for an injunction and accounting. Cohn died after suit was filed and the executors and trustees under his will were substituted. In a summary decree the relief prayed was granted and the cause referred to a master for the accounting and for setting up procedures for establishing claims against the fund. The chancellor found no just cause for delaying the appeal and defendants have appealed.

Early in 1955 plaintiff bought 70 yards of carpet from Seller under a conditional sales agreement. The invoice showed the cost of the carpet as laid at $840.87, and underneath was added the item, "2% occ. tax 16.82." Prior to the sale, in February, 1949, the Seller had intervened in a Circuit Court of Cook county suit attacking the legality of the sales tax, asserting that the Retailer's Occupational Tax was not applicable to sales and installation of wall-to-wall carpeting. An order was entered in Seller's favor authorizing it to pay the tax under protest. In November, 1955, a decree was entered declaring the tax illegal as to sales and installation of wall-to-wall carpeting, and the State Treasurer was ordered to refund the moneys paid as tax by Seller. The Supreme Court affirmed and a refund of $131,112.74 was made.

The summary decree here declared the refund of $131,112.74 a trust fund, "to be held by" Seller for the

benefit of its customers who had paid, in addition to the cost of the carpet as laid, a sum "as a separate item or otherwise sufficient to enable" Seller to pay the tax. The master was directed to take proof to determine the customers to be benefited, and the procedures and time for proving their claims.

The question presented by Seller on appeal is whether a "merger clause" in the contract of purchase extinguished any implied agreement at law to reimburse its customers from the fund. The merger clause reads:

> "Purchaser acknowledges that no agreement, guarantee or warranty not expressed herein shall limit or qualify the terms of this contract."

Seller asserts that any implied agreement would be "contractual" and would fall within that clause. Plaintiff argues that the "implied contract" underlying Seller's obligation is purely fictitious and not subject of the merger clause. Seller agrees that the quasi contract is fictional but says that the merger clause is nevertheless operative to preclude plaintiff's recovery.

This court decided, early in 1958, that parties in situations similar to plaintiff's are entitled to recover "tax money which the state returned to the defendant, . . . money which in equity and good conscience did not belong to the defendant but belonged to the purchasers who had paid it." Cohon v. Oscar L. Paris Co., 17 Ill.App.2d 21, 25. In January, 1959, the Supreme Court sustained a similar suit on a theory of restitution. Harrison Sheet Steel Co. v. Lyons, 15 Ill.2d 532. In neither case, however, was a "merger clause" involved.

Our Supreme Court in Board of Highway Com'rs v. City of Bloomington, 253 Ill. 164, held that general

assumpsit was a proper remedy for enforcement of the "equitable obligation" for recovery of tax money paid by the Commissioners to the City of Bloomington under a mistake of law. The court sketched the history of quasi contracts, and in its discussion stated that the principle on which "this latter class of obligations rests is equitable in its nature, . . . similar in character to that of contract [arising] not from an agreement of the parties . . . [or] consent, as in the case of contracts, but from the law or natural equity." And "the right to recover is governed by principles of equity although the action is at law." 253 Ill. at 173–74.

In People v. Dummer, 274 Ill. 637, 641–42, a case of debt for taxes, the Supreme Court said of "implied contracts": "In such a case the right of the plaintiff does not depend upon any principle of contract between him and the defendant but the right to recover is governed by the rules of equity. . . . [T]here are none of the elements of a contract present and the intention of the parties is entirely disregarded." See also Cohon v. Oscar L. Paris Co., 17 Ill.App.2d 21, 26–27.

We hold that the "merger clause" of the purchase contract does not include Seller's obligation implied by law. The obligation of restitution is not an "agreement, guarantee or warranty." The obligation, arising as it does from a principle of equity and not from "any principle of contract" in favor of plaintiff, should not be forced into a legal literal pouch.

We think that the court in People ex rel. Powles v. County of Alexander, 310 Ill. App. 602, cited by Seller, had equitable considerations in mind in making its decision. It decided that though the County's obligation to pay benefits to the blind plaintiffs and administrators of estates of deceased blind persons was

implied by law, the action was *ex contractu* so as to survive the death of the blind decedents. Had the court made a strict interpretation of the survival of action section of the Administration of Estates Act, Ill. Rev. Stat., ch. 3, sec. 125 (1939), the result would have deprived estates of blind persons money which in equity and good conscience belonged to them. That decision does not militate against our conclusion that Seller's obligation is not affected by the merger clause.

█ The Cohon and Harrison cases are authority for plaintiff's suing in a class action. We think, however, that the court erred in extending the reach of plaintiff's class action beyond the class of customers who had paid the tax as a separate item. The chancellor in the summary decree here found that other persons similarly situated to plaintiff had paid "a price plus an additional amount, as a separate item *or otherwise*," on sales and installation of wall-to-wall carpeting and that their interests were "identical with plaintiffs." This would mean that any purchaser of carpeting within the relevant dates would be entitled to a refund where a tax was paid as a result of the purchase.

We have not been shown that there is a common question involved in claims like that of plaintiff's and others who paid the tax in a different manner. Newberry Library v. Board of Education, 387 Ill. 85, 90; 67 C. J. S. 922–23 (1950). The claims do bear upon a common fund as in Smyth v. Kaspar American State Bank, 9 Ill.2d 27, 45, but it is clear that the claims do not have a common basis as they did there.

None of the cases cited by plaintiff is to the contrary. In all the cases cited the tax was billed as a separate item. This court in the Cohon case was careful to distinguish tax paid as a separate item from tax paid "as a composite part of the price." The court

said, "[T]he money was paid separately, was not included in a composite price, and the amounts paid were specifically designated on the bills as a tax. . . ." Cohon v. Oscar L. Paris Co., 17 Ill.App.2d 21, 29. The Supreme Court in the Harrison Co. case pointed out that the Company had "shaped the transaction as one in which the customer was charged a specific price . . . plus an amount which would cover the tax due from the company. . . ." Harrison Sheet Steel Co. v. Lyons, 15 Ill.2d 532, 535. That is the situation here and that is the only situation we pass on in this opinion. We do not decide the question of the right of those who paid the tax in any other manner.

For the reasons given, the decree is modified so as to include in this representative suit only those who paid the tax "as a separate item." As modified in that manner, the decree is affirmed.

Affirmed as modified.

MURPHY, P. J. and BURMAN, J., concur.