No. 2--02--0415 

                                                                 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

CATHY TERRILL, ) Appeal from the Circuit

) Court of Du Page County.

Plaintiff-Appellee, )

)

v. ) No. 01--L--529

)

OAKBROOK HILTON SUITES AND ) 

GARDEN INN, LLC, d/b/a Hilton ) 

Suites and Garden Inn, ) Honorable

) Patrick J. Leston,

Defendant-Appellant. ) Judge, Presiding.

                                                                  

JUSTICE BYRNE delivered 
the
 opinion of 
the
 court:

Defendant, Oakbrook Hilton Suites and Garden Inn, appeals the denial of its motion to involuntarily dismiss with prejudice the  complaint brought by plaintiff, Cathy Terrill.  Defendant contends that the trial court erred in concluding that section 3(f) of the Hotel Operators' Occupation Tax Act (Act) (35 ILCS 145/3(f) (West 2000)) barred 
plaintiff
 from directly suing 
defendant.

The pleadings, affidavits, depositions, and exhibits establish the following undisputed facts
.
  Plaintiff rented a room from defendant for the night of November 25, 1999.  The sign-in form states that rates are "subject to applicable sales, occupancy or other taxes."  On November 26, 1999, plaintiff received and paid the bill from defendant for renting the room.  

The bill is the only document that defendant provided to plaintiff that purports to list all of the charges, including the telephone charge, that defendant asked plaintiff to agree to pay.  The bill states that the contractually agreed-upon "Nightly Room Rate," excluding taxes and other variable incidental charges, such as telephone or room service charges, is $99.  The bill designates a single tax line item entitled "Room Occupancy Taxes," which shows a total of $8.91.  Plaintiff paid the full amount of the bill without an objection, including the $8.91 listed as taxes.

Defendant kept the $99 room rate, and from the $8.91 billed as "taxes," forwarded 6% of 
the
 room rate in tax liability to the state, 1% in tax liability to the City of Oakbrook Terrace (Oakbrook Terrace), and 2% to Oakbrook Terrace pursuant to an agreement between defendant and Oakbrook Terrace, in which defendant had agreed to pay 2% of its gross revenue as a service fee to Oakbrook Terrace in exchange for daily city police surveillance of the hotel.

The sign-in document that was presented to plaintiff on the night of November 25, 1999, does not state that the $99 rate (plus applicable taxes) is subject to a municipal security fee or any municipal service charges.  The sign-in document contains no language wherein the customer expressly agrees to pay a security fee or any type of municipal service charge.  Nor does it state or disclose that a security fee will later be included as part of the "Room Occupancy Tax" line item in the bill.  Based on the standardized documents and information that defendant provided to her, at all relevant times plaintiff understood that she was agreeing to pay a $99 daily room rental charge, applicable taxes, and usage charges she incurred for itemized services such as telephone calls and room service.  Room charges, taxes, and useage charges would be tabulated and agreed to by plaintiff when she paid a final truthful and accurate bill.  Because it was concealed from her, plaintiff did not know that defendant was including a security fee, which was not a tax, in the tax line item in her bill, and therefore she could not protest or voluntarily pay such charge.  

Plaintiff brought a class action suit against defendant for breach of contract and consumer fraud.  Defendant filed, 
inter
 
alia
, a motion to dismiss the complaint under section 2--619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2--619(a)(9) (West 2000)), arguing that section 3(f) of the Act and supreme court precedent barred 
plaintiff
 from directly suing 
defendant for the 2% charge
. 

The circuit court disagreed and denied defendant's motion.  The court then certified the following question pursuant to Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)):

"Does 35 ILCS 145/3(f) bar a direct action by a consumer against a retailer when the retailer has collected a security fee under the guise of a hotel tax and remitted the security fee to Oakbrook Terrace for payment of security services, a non-tax obligation, and where the consumer did not request a refund prior to the time the payment was remitted to the hotel and to Oakbrook Terrace?" 

Defendant timely filed an application for leave to appeal and we granted 
the
 application.  Because 
this
 appeal concerns a question of law certified by 
the
 circuit court pursuant to Rule 308, because it presents a question of statutory interpretation, and because it arose in 
the
 context of an order denying a section 2--619 motion to dismiss, our review is 
de
 
novo
.  See 
Weatherman v. Gary-Wheaton Bank of Fox Valley, N.A.
, 186 
Ill.
 2d 472, 480 (1999).   Before we address the certified question, we must address a motion to supplement the record brought by plaintiff, which we ordered to be taken with the case.  Plaintiff requests that we supplement the record with (1) a letter from plaintiff's counsel to the trial judge and (2) plaintiff's response to defendant's Rule 308 motion.  Upon review of the motion, we deny the motion to supplement the record with 
the
 letter from plaintiff's counsel but allow the motion to supplement the record with plaintiff's response to 
defendant
's Rule 308 motion.  Accordingly, the motion is granted in part and denied in part.

Turning now to the certified question on appeal, we begin our analysis by looking at 
the
 language of 
the
 applicable statute.  Section 3(f) provides:

"If any hotel operator collects an amount (however designated) which purports to reimburse such operator for hotel operators' occupation tax liability measured by receipts which are not subject to hotel operators' occupation tax, or if any hotel operator, in collecting an amount (however designated) which purports to reimburse such operator for hotel operators' occupation tax liability measured by receipts which are subjec
t 
to tax under this Act, collects more from 
the
 customer than 
the
 operators' hotel operators' occupation tax liability in 
the
 transaction is [
sic
], 
the
 customer shall have a legal right to claim a refund of such amount from such operator.  However, if such amount is not refunded to 
the
 customer for any reason, 
the
 hotel operator is liable to pay such amount to 
the
 Department."  35 ILCS 145/3(f) (West 2000). 

The legislature's intent in enacting a statute is best determined by 
the
 plain and ordinary meaning of 
the
 statutory language.  
In re Chicago Flood Litigation
, 176 
Ill.
 2d 179, 193 (1997).  When 
the
 language of a statute is clear and unambiguous, 
the
 court must give it effect without resorting to other aids of construction.  
Chicago Flood Litigation
, 176 
Ill.
 2d at 193.  Courts should read statutes so as to yield logical and meaningful results and to avoid constructions that render specific language superfluous or meaningless.  
Rochelle Disposal Service, Inc. v. Pollution Control Board
, 266 
Ill. App. 3d
 192, 198 (1994). 

Defendant essentially raises the same arguments on appeal as it did before 
the
 circuit court.  Defendant contends that 
the
 statute mandates that all persons who have been overtaxed "however designated" must claim a refund from 
the
 hotel in order to obtain restitution.  Defendant asserts that, if the customer fails to obtain a refund "for any reason," 
the
 hotel is obligated to pay 
the
 entire tax collected to 
the
 Department of Revenue.  Defendant asserts that the supreme court in 
Adams v. Jewel Cos.
, 63 
Ill.
 2d 336 (1976), specifically held that, once the retailer remits the overtax to the Department, 
the
 overtaxed customer cannot sue 
the
 retailer directly.  
Adams
, 63 
Ill.
 2d at 346.  Because 
defendant
 remitted the overcharge to Oakbrook Terrace, which 
defendant
 asserts is synonymous with 
the
 Department
, 
defendant contends that
 
the statute applies to bar 
plaintiff
's claim against 
defendant
.
 

Plaintiff counters that section 3(f) only frees a hotel from liability from 
tax
 overcharges when it passes the entire overcharge  to the Department of Revenue as a tax payment and is not thereby  unjustly enriched.  Plaintiff asserts that section 3(f) deals with payments to the Department for which the only monies due are tax payments.  Plaintiff argues that, in this case, Oakbrook Terrace, unlike 
the
 Department, collects monies from 
defendant
 for nontax as well as tax liabilities.  As such, 
defendant
 did in fact benefit from 
the
 overcharge since it used it to pay a nontax liability after charging its customers more than 
the
 contractually agreed- upon room charge.  Under these circumstances, where 
the
 tax overcharge was not passed on to the taxing authority in 
the
 form of a tax payment, 
plaintiff
 contends that section 3(f), by its express language, is inapplicable.

We agree with 
plaintiff
 that section 3(f) covers circumstances involving tax overcharges, as a portion of
 the
 statute clearly allows reimbursement where the hotel, in collecting an amount "which purports to reimburse" 
the
 hotel for its "operators' occupation tax liability measured by receipts which are subject to tax under this Act, collects more from the customer" than the amount of the tax liability transaction.  35 ILCS 145/3(f) (West 2000).  However, it is equally clear that another portion of section 3(f) also encompasses situations involving nontaxable charges as well.
 

Here, 
defendant
 charged and collected from 
plaintiff
 a security fee under 
the
 guise of a hotel tax.  To paraphrase the statute, once defendant included the nontaxable security fee charge within the same line as the charge designated "Room Occupancy Taxes," 
defendant
 collected an amount that purported to reimburse defendant for its operators' occupation tax liability measured by receipts that were 
not
 subject to defendant's occupation tax.  See 35 ILCS 145/3(f) (West 2000). 

While we find that the statute encompasses nontaxable charges as well as tax overcharges, 
defendant
's interpretation of 
the
 meaning of "Department" and 
its
 subsequent conclusion that the statute therefore bars 
plaintiff
's suit against it is untenable at best.  Defendant asserts that Oakbrook Terrace is 
a municipal government with the power to collect local taxes
.  
Defendant contends that it complied with the
 statute because it paid 
plaintiff
's "overtax funds" to Oakbrook Terrace and therefore the statute and 
Adams
 apply to bar 
plaintiff
's claims.  Defendant, however, ignores that the statute expressly states that "if such amount is not refunded to 
the
 customer for any reason, the hotel is liable to pay the overcharge to the Department."  The 
Act defines "Department" as 
the
 "Department of Revenue" (35 ILCS 145/2(7) (West 2000)).  Oakbrook Terrace
 is not 
the
 Department of Revenue
. 

We note that, when a hotel operator incorrectly designates 
a service fee under the guise of a hotel operators' tax, if such amount is not refunded to 
the
 customer, the hotel operator is responsible for remitting this to the Department of Revenue.  See 35 ILCS 145/3(f) (West 2000).
 
 By rendering 
the
 hotel operator liable for 
the
 disputed amount if the occupant does not collect 
the
 refund, the legislature removes 
the
 hotel's incentive to overcharge, thereby
 ensuring the underlying legislative policy against unjust enrichment.

In this case, 
plaintiff
 alleges that 
defendant
 used her money to pay a nontax liability and charged her more than she contractually agreed upon.  Under 
the
 plain meaning of the statute, 
b
ecause 
defendant
 
never remitted the nontaxable charge to the Department, 
plaintiff
 has a legal right to claim a refund.  As such,
 
defendant
 cannot rely on section 3(f) of 
the
 Act to bar 
plaintiff
 from suing 
defendant
.
   

We find that the case of 
Adams
, relied on by 
defendant,
 
has no bearing on 
the
 present case.  
Adams
 involved a question pertaining to 
a
 consumer's right to proceed against 
a
 retailer for an overcharge in taxes that was remitted by 
the
 retailer to 
the
 Department of Revenue.  The supreme court interpreted 
the
 language used in section 3 of 
the
 Use Tax Act (35 ILCS 105/3 (West 2000) (formerly Ill. Rev. Stat. 1971, ch. 120, par. 439.3)) to determine that 
the
 plaintiffs could not directly sue 
the
 retailer-defendants for 
the
 remitted excessive taxes.  Unlike in the present case, where the 2% nontax charge for security services was never remitted to the Department of Revenue, in 
Adams
, the entire tax overcharge
 was passed on to 
the
 Department of Revenue.  The distinction between a nontaxable charge and a tax overcharge is not relevant under 
the
 statute.  Instead, 
the
 case turns on whether 
the
 retailer tenders 
the
 disputed amount to 
the
 Department, as in 
Adams
, or the vendor, as in 
the
 present case.  Moreover, unlike 
the
 situation here, in passing the entire tax overcharge to 
the
 Department, the retailer in 
Adams
 was no longer directly liable for the overcharge because it did not unjustly enrich itself at 
the
 expense of 
the
 consumer. 

It is clear, given 
the
 facts of this case, that defendant misapprehends the concept of accountability.  Because 
defendant
 
remitted 
the
 2% service fee to Oakbrook Terrace instead of the Department, 
defendant
 cannot use the Act or case law to shield itself from direct liability.  Unjust enrichment principles are based on 
the
 idea that no one ought to enrich himself unjustly at the expense of another.  See 
Village of Bloomingdale v. CDG Enterprises, Inc.
, 196 Ill. 2d 484, 500 (2001).  This basic concept was illustrated in 
Harrison Sheet Steel Co. v. Lyons
, 15 
Ill.
 2d 532 (1959), in which 
the
 court cited 
the
 following example:

" 'A purchases goods from B, it being agreed that B is to pay a supposed sales tax thereon with money supplied by A.  A pays B $1,000, in addition to 
the
 purchase price, to pay 
the
 tax.  No tax is due.  A is entitled to restitution.' " 
Harrison
, 15 
Ill.
 2d at 536-37, quoting Restatement of Restitution §48, Illustration 3, at 197 (1937). 

Here, accepting 
plaintiff
's allegations as true, as is required when deciding a section 2--619 motion to dismiss (see 
CDG Enterprises
, 196 
Ill.
 2d at 486), we conclude that 
defendant
 has unjustly enriched itself by using the monies it collected from 
the
 tax line item in 
the
 customer bill to pay for ordinary vendor services.  The end result is that 
defendant
 is inflating 
the
 tax line item and using purported tax revenues to pay off a normal nontax contractual obligation and charging its customers more than 
the
 contractually agreed-upon room charge to pay off 
a
 normal, nontax operating expense.  Thus, 
defendant, at 
the
 very least,
 is unjustly enriching itself at 
the
 expense of 
plaintiff
 and others similarly situated.  Under these circumstances, section 3(f) does not bar 
plaintiff
's claims, either under 
the
 express language of 
the
 statute or under 
the
 case law interpreting its effect. 

Before closing, we feel compelled to comment 
on the excessive use of footnotes used by 
the parties in their
 briefs.  Supreme Court Rule 341(a) (177 Ill. 2d R. 341(a)) states that "[f]ootnotes, if any, shall be used sparingly."  Supreme Court Rule 344(b) (155 Ill. 2d R. 344(b)) also indicates that "[f]ootnotes are discouraged."  Combined, the parties' briefs contain 19 single-spaced footnotes.
  
The voluminous information contained in these footnotes more properly belongs in the body of the text.  All of the footnotes are single spaced and are set in minuscule type.  This is not using footnotes "sparingly" and is inexcusable given the unequivocal language of Supreme Court Rule 341(a).  We admonish the parties for failing to comply with Rule 341(a), and we strongly discourage the use of footnotes in future briefs submitted to this court.

For the foregoing reasons, we answer the certified question in the negative.

Certified question answered.

BOWMAN and KAPALA, JJ., concur.