(No. 48466.—

JEFFREY S. MAGRO, Appelle, v. CONTINENTAL TOYOTA, INC., Appellant.

*Opinion filed June 1, 1977.*

CLARK, J., dissenting.

Halfpenny, Hahn & Roche, of Chicago (Thomas F. Roche and George W. Keeley, of counsel), for appellant.

Samuel M. Chappell, of Chicago, for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiff, Jeffrey S. Magro, brought this action in the circuit court of Cook County against defendant, Continental Toyota, Inc., seeking an injunction and other relief individually and on behalf of all other persons who had their automobiles serviced by the defendant and were charged service occupation tax based on the retail price of parts installed in the automobile incident to such service rather than on defendant's cost price as authorized by section 3 of the Service Occupation Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 439.103). Defendant moved to dismiss the class action allegations of the complaint on the grounds that the suit did not present common questions of law and fact between plaintiff and the other members of the purported class. The trial court denied the motion to dismiss, and, on interlocutory appeal, the appellate court affirmed (*Magro v. Continental Toyota, Inc.* (1976), 37 Ill. App. 3d 1). We allowed defendant's petition for leave to appeal.

On July 17, 1973, defendant performed certain service on plaintiff's automobile, including an engine tune-up, valve adjustment and installation of an ignition switch. Plaintiff received a bill which specified the labor charges for each type of service performed and contained a separate itemization of the prices of individual parts consisting of plugs, points, condenser, switch, kit and carburetor cleaner. The breakdown of the total charges for labor, parts and tax was:

| | | |
|------|-------|--------|
| Labor | | $46.75 |
| Parts | | 13.41 |
| "O.E." | | .67 |
| | Total | $60.83 |

Plaintiff's complaint included allegations that the

defendant corporation was engaged in the business of repairing or otherwise servicing automobiles and was therefore a "serviceman" subject to tax under the Service Occupation Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 439.101 *et seq.*); that in servicing plaintiff's car, defendant had improperly charged and collected a tax based on the retail price of the parts transferred to the automobile rather than on defendant's cost price as required by the Act; in like manner defendant had improperly collected the tax from all of its customers; section 3 of the Act authorized plaintiff to claim a refund directly from defendant (Ill. Rev. Stat. 1973, ch. 120, par. 439.103); the action was brought by plaintiff individually and on behalf of all other customers of defendant "who had their automobiles or motor vehicles serviced or repaired by the defendant and as an incident to said service or repair had tangible personal property transferred to said automobiles or motor vehicles and who were charged and paid a service occupation tax on said tangible personal property at the retail price rather than the cost price as provided for by law"; the members of the class were so numerous that it would be impractical to require their appearance in the suit and manifestly unfair to require them to bring separate suits; plaintiff's claim was typical of those of the other claimants except for the amounts involved; and the questions of law and fact as to all other claimants were common to or identical with plaintiff's claim. The complaint prayed for an injunction restraining defendant from collecting or charging a tax on the transfer of tangible personal property as an incident to repair or service of motor vehicles based on any amount other than the cost price of such property, an accounting for and sequestering of all excess taxes in a common fund, the appointment of a receiver, reimbursement of class members who had paid taxes to the defendant in excess of those permitted by law, and the awarding of reasonable attorney's fees.

The narrow question before us is whether the record establishes that the claims of the plaintiff and other members of the purported class were sufficiently similar to permit maintenance of the suit as a class action. The general rule is that a class action cannot be maintained unless all members of the class have a common interest in the questions involved and the results of the suit. (*Hagerty v. General Motors Corp.* (1974), 59 Ill. 2d 52; *Fiorito v. Jones* (1968), 39 Ill. 2d 531; *Harrison Sheet Steel Co. v. Lyons* (1959), 15 Ill. 2d 532; *Newberry Library v. Board of Education* (1944), 387 Ill. 85; *Peoples Store of Roseland v. McKibbin* (1942), 379 Ill. 148.) As we stated in *Adams v. Jewel Companies, Inc.* (1976), 63 Ill. 2d 336, 347: "Necessary prerequisites to maintenance of such action are the existence of common questions which dominate the controversy and pertain to each class member and an interest in a common result." In support of its holding that the instant suit satisfied the community of interest requirement, the appellate court concluded that all members of the class shared the common question of whether the tax had been calculated on the correct basis. The court also noted that defendant's customers had been issued a common automotive-dealers receipt which listed the charges for service and replacement parts separately and that "[g]iven this receipt, it can be readily determined if a given transaction was solely a sale of parts for which the tax rate should be applied to the retail price or a sale of parts incident to some service for which the rate should be applied to the cost price." 37 Ill. App. 3d 1, 4.

Substantially the same questions were considered by this court in *Hagerty v. General Motors Corp.* (1974), 59 Ill. 2d 52. In that case, the plaintiff authorized the Cadillac Motor Car Division of General Motors Corporation to install certain parts in her automobile and to perform repair work, including lubrication, changing the oil filter, making carburetor adjustments, realigning the wheels and

replacing the spark plugs. The bill, which was very similar in form to that received by the plaintiff in the case now under consideration, showed charges of $30.05 for labor, $16.26 for an oil filter, spark plugs and condenser, and tax in the amount of 65 cents. Plaintiff filed a class action on behalf of all other customers of GM who were similarly situated alleging that GM had wrongfully charged her 65 cents pursuant to the Use Tax Act instead of the lesser amount pursuant to the Service Use Tax Act. In upholding the dismissal of the class action allegations of the complaint, the court observed that the question of whether GM should have collected a use tax or a service use tax as to each purported class member depended upon whether the transaction in question was a sale at retail or a sale of service. It was concluded: "In order to determine which tax should have been imposed in a particular transaction, the facts of that transaction must be known. Consequently, a decision in this case sustaining the plaintiff's contention as to her transaction with GM would not establish a right of recovery in any other customer of GM who had work performed on his automobile and replacement parts installed therein. The required common interest of the purported class members in the questions involved is therefore lacking in this case, and the circuit court was correct in striking the class action allegations of the plaintiff's complaint." 59 Ill. 2d 52, 59.

In our opinion, the rationale of the *Hagerty* case is controlling here. Whether the transfer of personal property constitutes a retail sale, a transfer incident to a sale of service, or a combination of both, depends upon the particular facts and circumstances of each transaction between defendant and its customers. Accordingly, a decision sustaining plaintiff's claim with respect to his transaction with defendant would not determine whether defendant had correctly charged and collected service occupation tax in transactions involving other customers.

Furthermore, we do not agree that the nature of each transaction can be readily determined from the receipt given by defendant to its customers. While the receipt in question describes what parts were transferred and the price therefor, it does not establish whether the parts were sold at retail or were transferred incident to a sale of service.

Plaintiff also relies upon Public Act 77–1019 (Laws of 1971, at 1901), which amended section 3 of the Service Occupation Tax Act by adding the following provision:

"If any supplier collects Service Occupation Tax measured by receipts which are not subject to Service Occupation Tax, or if any supplier, in collecting Service Occupation Tax measured by receipts which are subject to tax under this Act, collects more from the purchaser than the amount of the Service Occupation Tax on the transaction is, the purchaser shall have a legal right to claim a refund of such amount from such supplier. If any serviceman collects an amount (however designated) which purports to reimburse such serviceman for Service Occupation Tax liability measured by receipts or cost prices which are not subject to Service Occupation Tax, or if any serviceman, in collecting an amount (however designated) which purports to reimburse such serviceman for Service Occupation Tax liability measured by receipts or cost prices which are subject to tax under this Act, collects more from the purchaser than the serviceman's Service Occupation Tax liability in the transaction is, the purchaser shall have a legal right to claim a refund of such amount from such serviceman. However, if any such amount is not refunded to the purchaser by a supplier or serviceman, as the case may be, for any reason, such supplier or serviceman is liable to pay such amount to the Department. This paragraph does not apply to an amount collected by the supplier as Service Occupation Tax, nor to an amount collected by the serviceman as reimbursement for the serviceman's Service Occupation Tax liability, on receipts or cost prices which are subject to tax under this Act, as long as such collection is made in compliance with the tax collection brackets prescribed by

the Department in its Rules and Regulations." (Ill. Rev. Stat. 1973, ch. 120, par. 439.103.)

It is the plaintiff's contention that the foregoing amendment is remedial in nature and should be liberally construed to permit class actions in instances such as this. We do not agree. On its face, the amendatory act does not provide for a class remedy, and we find no support for the suggestion that the amendment evidences a legislative intent either to expand the availability of class action remedies or alter the existing criteria which determine when such actions can be maintained. *Adams v. Jewel Companies, Inc.* (1976), 63 Ill. 2d 336.

For the above reasons, we conclude that the trial court erred in denying defendant's motion to dismiss the class action allegations of plaintiff's complaint. Accordingly, the judgments of the appellate court and trial court are reversed, and the cause is remanded to the trial court with directions to enter an order granting defendant's motion to dismiss as to the class action allegations and for such further proceedings as are consistent herewith.

*Reversed and remanded,*
*with directions.*

MR. JUSTICE CLARK, dissenting.