FRED I. BENJAMIN *et al.*, Plaintiffs-Appellants, *v.* THE CHICAGO TRANSIT AUTHORITY, Defendant-Appellee.

First District (2nd Division)    No. 62139

Opinion filed July 19, 1977.

Boehm and Weinstein, Chartered, and Solomon, Rosenfeld, Elliott, Stiefel & Engerman, both of Chicago, for appellants.

Rothschild, Barry & Myers, of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiffs, Benjamin & Shapiro, instituted this action to recover an attorney's fee from their client's employer pursuant to section 5(b) of the Workmen's Compensation Act. (Ill. Rev. Stat. 1973, ch. 48, par. 138.5(b).) They represented one Raymond Mason, an employee of the defendant, Chicago Transit (hereinafter "CTA"), in his claim for damages against a negligent third-party. A settlement was negotiated with the third-party's insurer whereby Mason was paid $1,800 and from which defendant accepted $487.93 as reimbursement for workmen's compensation benefits which Mason had received from defendant. Defendant, upon request, refused to remit to plaintiffs' 25% of the aforementioned reimbursement fund according to the provisions of section 5(b) of the Act. Plaintiffs, both individually and as representatives of a class of attorneys similarly situated, sought (1) injunctive relief restraining defendant from wilfully refusing to comply with the pertinent provisions of the Workmen's Compensation Act and (2) an accounting for any and all reimbursements

defendant has received as a result of suits brought by its employees through privately retained counsel against third-person tortfeasors for injuries sustained during the course and scope of employment. The circuit court of Cook County dismissed plaintiff's complaint for failure to state a cause of action justifying class action relief. Plaintiff elected to stand upon his complaint and declined to file a further amended complaint for individual relief.

■■ The sole issue raised on appeal is: Whether persons coming within the purview of the provision of the Workmen's Compensation Act, which grants a statutory fee to attorneys who without prior agreement with an employer substantially contribute to the creation of a reimbursement fund, constitute a single class so as to be properly represented by a named plaintiff in a class action suit.

Section 5(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.5(b)) provides in pertinent part:

> "Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this act.
>
> Out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit and where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement."

The first paragraph of section 5(b) establishes the subrogation fund by reference to the amount received by the employee from the judgment or settlement in an action against a negligent third party, and directs that the

employer shall recoup from that amount the compensation paid to the employee. The following paragraph directs the employer to pay his pro rata share of all costs and reasonable expenses incurred in connection with the third-party claim. It further directs the payment of attorneys' fees in the amount of 25% of the gross amount of reimbursement. Such payment is conditioned upon: (1) the attorneys' services having "resulted in or substantially contributed to the procurement * * * of the proceeds out of which the employer is reimbursed * * *" and (2) the lack of any other fee arrangement between the attorney and the employer.

■■ We find that the rationale of the recent Illinois Supreme Court decision in *Magro v. Continental Toyota, Inc.* (1977), 67 Ill. 2d 157, 365 N.E.2d 328 is applicable to the instant case. In *Magro* the court noted:

> "The narrow question before us is whether the record establishes that the claims of the plaintiff and other members of the purported class were sufficiently similar to permit maintenance of the suit as a class action. The general rule is that a class action cannot be maintained unless all members of the class have a common interest in the questions involved and the results of the suit. (*Hagerty v. General Motors Corp.* (1974), 59 Ill. 2d 52; *Fiorito v. Jones* (1968), 39 Ill. 2d 531; *Harrison Sheet Steel Co. v. Lyons* (1959), 15 Ill. 2d 532; *Newberry Library v. Board of Education* (1944), 387 Ill. 85; *Peoples Store of Roseland v. McKibbin* (1942), 379 Ill. 148.) As we stated in *Adams v. Jewel Companies, Inc.* (1976), 63 Ill. 2d 336, 347: "Necessary prerequisites to maintenance of such action are the existence of common questions which dominate the controversy and pertain to each class member and an interest in a common result." (67 Ill. 2d 157, 161.)

Substantially similar questions were also considered by the Illinois Supreme Court in *Hagerty v. General Motors Corp.* (1974), 59 Ill. 2d 52, 319 N.E.2d 5. In *Magro*, as in *Hagerty*, the court concluded that the requisite common interest of the purported class was lacking inasmuch as a decision sustaining the individual plaintiff's contention as to his transaction with the defendant would not establish a right of recovery in any other member of the class.

Application of these principles mandates affirmance of the order of the trial court dismissing the instant plaintiff's complaint for failure to state a cause of action justifying class action relief.

Should plaintiffs, Benjamin & Shapiro, establish a right to recover a 25% attorneys' fee as against CTA, such a decision would not thereby establish the rights of any other attorneys to recover against CTA. Lack of an independent agreement between CTA and Benjamin & Shapiro does not establish the lack of such agreements between CTA and other attorneys.

However, most importantly, proof by Benjamin & Shapiro that their services "substantially contributed to" reimbursement to CTA would in no way establish such a causal relationship with regard to myriad other lawsuits. As in *Magro* and *Hagerty*, each claimant must establish proof of his entitlement to recovery under the statute and the facts of each transaction must be assessed in order to determine whether recovery may be had. Thus, a primary purpose of class action litigation—judicial economy—would not be realized. Consequently, that form of litigation is singularly inapplicable to the cause *sub judice*. See *Baier v. State Farm Insurance Co.* (1977), 66 Ill. 2d 119, 361 N.E.2d 1100.

For the aforementioned reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DOWNING, P. J., and PERLIN, J., concur.