DONALD E. BARLIANT, d/b/a Mayuba Book Store, Plaintiff-Appellant, *v.* FOLLETT CORPORATION, Defendant-Appellee.

First District (2nd Division)   No. 76-507

Opinion filed September 27, 1977.

Earl D. Yaffe, of Chicago (Yaffe, Mark and Barliant, of counsel), for appellant.

Brown & Blumberg, of Chicago (Eugene L. Resnick and Stephen E. Smith, of counsel), for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Plaintiff appeals from an order of the circuit court of Cook County, entered on January 23, 1976. The order, by Circuit Judge Joseph M. Wosik, allowed the defendant Follett Corporation to withdraw its answer to plaintiff Barliant's complaint, vacated an order previously entered in the case by another circuit judge, Charles R. Barrett, on November 15, 1972, and dismissed the class action allegations of Barliant's complaint.

The issues on appeal are whether Judge Wosik was empowered to vacate the previous order of Judge Barrett; whether Barliant's complaint alleged sufficient facts to establish a class action; whether Judge Wosik improperly allowed the settlement of another class action, which had been consolidated with the instant action, by failing to disclose the terms of the settlement; and whether it was inconsistent for the trial judge, on the one hand, to approve a class action brought by the State of Illinois, as intervenor, on behalf of a subclass, while, on the other, to dismiss the class action brought on behalf of the main class.

Donald Barliant, the plaintiff here, is the owner of Mayuba Book Stores. He is also an attorney-at-law licensed to practice in this State. On June 6, 1972, Barliant filed a complaint in the circuit court on his own behalf and on behalf of "all persons who have purchased books from defendant, FOLLETT CORPORATION, which books have been shipped to said class plaintiffs in the normal channels of commerce." The complaint related the following: defendant's terms of sale, published in its various catalogues, in trade journals, printed on its order forms, and consistent with custom and usage in the publishing industry, provided for delivery

of merchandise F.O.B. its warehouse in Chicago. Pursuant to these terms, plaintiff purchased books and reimbursed defendant for the transportation costs from defendant's warehouse to his place of business. On or about January 1, 1971, without amending its published terms of sale, defendant began to include a charge on its computerized bills to all of its customers higher than the U.S. Postal Service fourth class (or bookpost) rates (the medium by which all books ordered by plaintiff from defendant were shipped), and designated only as "BKPST TRANS-INS." For unexplained reasons, Barliant paid the additional charges on a number of orders, a total of approximately $15. In May of 1972, Barliant "discovered" the overcharges and demanded a refund from defendant. Defendant allegedly refused.

Barliant alleged that the "BKPST TRANS—INS" charge is an attempt by defendant to increase the price of the books it sells over and above the agreed purchase price. Barliant thus alleges breach of contract, fraud, and a deceptive trade practice within the meaning of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1971, ch. 121½, par. 311 et seq.).

Barliant further alleged that the claims of the various members of the class pose common questions of law and fact; that there is a community of interest among class members in both the subject matter of the suit and the remedy sought; that the individual plaintiff is able to fairly and adequately represent the interests of the absent class members; that a class action is necessary to prevent a multiplicity of lawsuits; that a class action is the superior method of resolving the dispute because of the small amounts of the individual claims; and that the remedy at law is inadequate.

Barliant prayed for an accounting, for the appointment of a receiver, for temporary and permanent injunctions against defendant's activities, for judgment in the amount of the overcharges, for an unspecified amount as punitive damages, for costs and attorneys' fees, for an injunction against the prosecution of any other further actions involving these issues and the same class plaintiffs, and for any other relief deemed appropriate by the court.

Following assignment of the case to Judge Charles R. Barrett, defendant moved to dismiss the action or, in the alternative, for judgment on the pleadings. Defendant argued that this was not a proper class action, and that plaintiff had an adequate remedy at law. Judge Barrett denied the motion on November 15, 1972, finding that the class action on behalf of all purchasers from the defendant billed for transportation "BKPST TRANS—INS," rather than F.O.B., was proper and that the complaint stated a good cause of action.

On November 27, 1972, the State of Illinois was granted leave to intervene on behalf of the subclass of all public institutions which had

purchased books from the defendant. On December 14, 1972, an order was entered consolidating the *Barliant* case with another class action, Avery Coonley School v. Follett Corp., No. 72 CH 3538, pursuant to a motion of counsel for the school. The motion to consolidate stated that both cases involved the same issues and subject matter, that both arose from the same transaction or series of transactions, and that each plaintiff is alleged to be a member of the same identical class. Defendant answered all three complaints.

Judge Barrett was then appointed to the appellate court, and the case was assigned to Judge Emmett F. Morrissey. Defendant then moved to vacate the order entered by Judge Barrett on November 15, 1972, and to dismiss the class action. The record indicates that argument on this motion was heard on November 24, 1975. No order was entered at that time, and the report of the proceedings at that hearing has not been included in the record on appeal.

Prior to entry of an order on the motion, plaintiff moved for a substitution of judges. Judge Morrissey refused to grant the petition and maintained that he would have entered an order on the defendant's motion following the hearing on November 24, 1975, but for the delay requested by the plaintiff. Judge Morrissey also maintained that he had indicated to counsel for the plaintiff on November 24, that he would rule in favor of defendant's motion, and that it would therefore be unfair to now grant plaintiff his motion for a substitution of judges.

On December 8, 1975, counsel for the plaintiff and for the defendant in the *Coonley School* case filed a stipulation requesting that the "intervening plaintiff" be dismissed, "all matters in controversy having been settled and adjudicated." The terms of the settlement were not disclosed by the stipulation. That same day Judge Morrissey entered an order, pursuant to the stipulation, dismissing the Coonley School as a party plaintiff.

On December 16, 1975, Barliant moved to vacate the order dismissing the Coonley School, alleging that it was dismissed in violation of section 52.1 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 52.1), dealing with the compromise or dismissal of class actions. Defendant responded to the motion, but the record does not indicate whether or not the court ever ruled on the motion.

On January 23, 1976, the Attorney General moved the court to approve a settlement agreement it had negotiated with defendant. The motion was brought under section 52.1 of the Civil Practice Act.[1] The settlement was

---

[1] Section 52.1 provides:
"An action brought on behalf of a class shall not be compromised or dismissed except with the approval of the court and, unless excused for good cause shown, upon notice as the court may direct."

approved by Judge Morrissey, and the action brought by the Attorney General was ultimately dismissed.

Judge Morrissey then became ill and the case was reassigned to Judge Wosik. Plaintiff moved to dismiss its motion for substitution of judges on grounds of mootness and filed a response to defendant's motion to vacate the November 15, 1972, order entered by Judge Barrett. On January 23, 1976, Judge Wosik granted defendant's motion to withdraw its answer to Barliant's complaint, vacated the November 15, 1972, order of Judge Barrett, and dismissed the class action allegations of the complaint. It is this order from which plaintiff appeals.

I.

Plaintiff asks this court to reverse Judge Wosik's order of January 23, 1976, on the basis that it is inconsistent with the orderly administration of justice for one trial judge to vacate a substantive ruling of another merely because the latter judge would have reached a different conclusion. There is no merit to this contention.

■■ A trial judge is not bound by the prior order of another judge. He has the right to review the prior order if in his judgment it was erroneous. He has the duty to do so if changed facts or circumstances make the prior order unjust. (See *Richichi v. City of Chicago* (1st Dist. 1964), 49 Ill. App. 2d 320, 325, 199 N.E.2d 652; *Scardina v. Colletti* (1st Dist. 1965), 63 Ill. App. 2d 481, 491, 211 N.E.2d 762; *Banks v. United Insurance Co. of America* (1st Dist. 1975), 28 Ill. App. 3d 60, 63, 328 N.E.2d 167.) Judge Wosik clearly indicated his belief that the order entered by Judge Barrett was erroneous. It was, therefore, within his discretion to review the prior order. *People ex rel. Kelly, Ketting, Furth, Inc. v. Epstein* (1974), 61 Ill. 2d 229, 335 N.E.2d 430, cited by Barliant, is distinguishable.

II.

■■ We turn next to the question of whether Barliant's complaint states a class action under Illinois law. Our opinion in *Nebel v. City of Chicago* (1st Dist. 1977), 53 Ill. App. 3d 890, 369 N.E.2d 74, reviews in some detail the history of the class action in Illinois in light of our supreme court's recent decision in *Magro v. Continental Toyota, Inc.* (1977), 67 Ill. 2d 157, 365 N.E.2d 328. In *Nebel,* we concluded that a class action is permissible where there is a common question of law or fact which is so predominant that it becomes practicable to dispose of the entire controversy in a single proceeding. There must be also a community of interest—a common grievance uniting the members of the plaintiff class against the defendant—in both the subject matter of the suit and in the remedy sought. The community of interest must be predominant, that is, it must of such an important nature that in practical effect, it disposes of

the entire controversy, leaving only minor issues to be resolved in individual circumstances. It is not required that individual members of the class had pre-existing relationships or that a common fund be in existence. The presence of a common fund is, however, an indication that a class action is appropriate; whereas, the fact that the individual plaintiffs acquired their rights against the defendant in separate and unrelated transactions is an indication that a class action is inappropriate. Neither the absence of a common fund, nor the fact of separate transactions is an absolute bar to a class action. As we noted in *Rodriguez v. Credit Systems Specialists, Inc.* (1st Dist. 1974), 17 Ill. App. 3d 606, 611, 308 N.E.2d 342: "* * * the existence of a community of interest must be determined in each case from the nature of the action according to the difficulties of administering justice through the medium of a class action as compared with those involved in separate suits."

■■■ Measured by these standards, the instant case may not proceed as a class action. There are no common questions of law or fact, proof of which will, in practical effect, dispose of the entire controversy. As counsel for Barliant acknowledged during oral argument before this court, the primary thrust of this lawsuit is for breach of contract. Among the elements of proof required in a breach of contract action are the relevant terms of the contract alleged to have been breached. Barliant has alleged that his contracts with defendant include the terms of sale (including the F.O.B. delivery term) published in defendant's catalogues, in various trade publications, and according to custom and usage in the publishing industry. Proof of these facts at a trial in this case would be inconclusive as to the contract of any other class plaintiff. Defendant and the other class plaintiffs were free to make other contracts. Thus, even if Barliant succeeds in proving his case at a trial, the issue remaining to be resolved to establish a right of recovery in any other class plaintiff is the defendant's liability. This is hardly a "hypothetical variation" of a "minor" character. (See *Harrison Sheet Steel Co. v. Lyons* (1959), 15 Ill. 2d 532, 538, 155 N.E.2d 595; *Nebel v. City of Chicago*, 53 Ill. App. 3d 890, 898.) It is the ultimate issue to be resolved.

What we have said applies with equal force to Barliant's allegations of fraud and deceptive trade practices.

### III.

Defendant has devoted a considerable portion of its arguments to this court to the proposition that this is not a proper class action because Barliant, an attorney licensed to practice law in this State, is engaged in a conflict of interest between his dual roles as class representative and as attorney for the class, and is thus incapable of adequately representing the

interests of the absent members of the class. Barliant maintains that he is not the attorney of record in the case, and has disclaimed any interest in the attorneys' fees. Because we have concluded, on other grounds, that this is not a proper class action, we need not reach this issue and refrain from any further comment upon it.

## IV.

Barliant argues that Judge Wosik acted inconsistently in allowing the settlement of the *Coonley School* case and in allowing the settlement of the subclass action brought by the State of Illinois, while dismissing the action brought on behalf of the main class of plaintiffs. The essence of this argument is contained in this sentence from Barliant's brief: "We think that if the State has a good class action on behalf of a sub-class; [*sic*] Barliant had a good class action on behalf of the main class."

■■ Beyond the illogic of this argument, our supreme court has stated in *People ex rel. Wilcox v. Equity Funding Life Insurance Co.* (1975), 61 Ill. 2d 303, 335 N.E.2d 448, that the compromise or dismissal of class actions under section 52.1 of the Civil Practice Act is a matter for the discretion of the trial court, and a reviewing court will intervene only upon a clear showing that the trial court was guilty of an abuse of discretion. The standard used by the courts in evaluating a compromise is that the proposed settlement must be fair and reasonable and in the best interests of all those who will be affected by it. The court added:

> "Many factors enter into the consideration of the parties to litigation in arriving at a compromise settlement. The result is achieved by each party weighing and assessing the strength and weakness of his position. Since the result is a compromise the court in approving it *should not judge the legal and factual questions by the same criteria applied in a trial on the merits*. Nor should the court turn the settlement approval hearing into a trial. To do so would defeat the purpose of the compromise to avoid a determination of sharply contested issues and to dispense with expensive and wasteful litigation." (Emphasis added.) 61 Ill. 2d 303, 316-17.

■■ The approval of the settlements in both the *Coonley School* case and in the *State of Illinois* case, therefore, can in no way be construed as either a determination by the trial court that the class actions were proper, that the facts alleged in the complaint were true, or as an admission of liability by defendant. The trial court exercised its discretion in allowing the settlements. Barliant has failed to demonstrate any abuse of discretion to this court.

■■ Lastly, Barliant contends that the trial court acted improperly in allowing the dismissal of the *Coonley School* case without disclosing the

terms of the settlement. Barliant does not suggest how he or any other member of the class was in any way prejudiced by this action. We note that although the Coonley School originally filed its complaint as a class action and was consolidated with the *Barliant* case, its stipulation requesting dismissal did not refer to the class. The stipulation incorrectly referred to the school as an "intervening" plaintiff. Whatever the significance of this error, it is manifest that the order dismissing the Coonley School was intended to apply *only* to the Coonley School, and not to any other class plaintiff. Barliant has stressed in this court his belief that the class which he seeks to represent and the class the Coonley School sought to represent are identical. Thus, the interests of the class were in no way compromised by the court's action dismissing the Coonley School. Moreover, section 52.1 of the Civil Practice Act, which was enacted to protect the absent members of a class from disadvantageous settlements or compromises requires only that the settlement of a class action be approved *by the court*. Barliant has not suggested that he or any other member of the class was bound by the settlement agreement between defendant and Coonley School. Barliant's contention is, therefore, without merit because the dismissal of the Coonley School as a party plaintiff was not a settlement or compromise of a class action within the meaning of section 52.1.

The order of the circuit court of Cook County entered on January 23, 1976 is therefore affirmed.

Affirmed.

STAMOS and PERLIN, JJ., concur.