DITLAND PLUMBING, INC., Plaintiff-Appellee, *v.* MILWAUKEE ELECTRIC TOOL CORPORATION, Defendant-Appellant.

First District (1st Division)   No. 76-797

Opinion filed November 21, 1977.—Rehearing denied December 19, 1977.

Russell, Bridewell, Sembower & Cook, of Chicago (John A. Cook, Lee J. Geronime, and Robert A. Schnur, of counsel), for appellant.

Block, Levy & Becker, of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Ditland Plumbing, Inc. (plaintiff) brought a class action against Milwaukee Electric Tool Corporation (defendant) involving collection of taxes by defendant from plaintiff and other persons who are allegedly similarly situated. After hearing all of the evidence the trial court entered final judgment that the matter was properly brought as a class action so that refunds and other relief were ordered for the alleged class. Defendant has appealed.

Although the briefs before us raise a number of issues, we believe that the dispositive question is the legal propriety of the class suit.

The evidence shows, and it is undisputed, that defendant is a manufacturer of power tools and certain of their various component parts. It has a branch office in Cook County which repairs only those power tools. These repairs are made for defendant's retail customers and also for its distributors and dealers. Defendant does not charge a service occupation tax on repairs done for its own dealers or distributors. Defendant does charge and collect service occupation taxes from its retail repair customers. Ill. Rev. Stat. 1975, ch. 120, par. 439.101 *et seq.*

Plaintiff's complaint alleged that the pertinent statute authorized defendant to charge a tax of 5 percent on the cost price of tangible personal property transferred by defendant as a serviceman as an incident to the services performed by defendant in making repairs, citing section 3 of the Service Occupation Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 439.103). Plaintiff alleged a violation of the statute in that defendant charged and collected from plaintiff and others a tax based upon the retail price of the tangible personal property thus transferred. In its answer, defendant alleged that the personal property in question consisted of parts which were manufactured by defendant itself. Defendant further alleged that it had from time to time accounted for and paid over to the State of Illinois all sums thus collected.

In the opinion of this court, the rights of these parties and the disposition of their litigation is governed by *Magro v. Continental Toyota, Inc.* (1977), 67 Ill. 2d 157, 365 N.E.2d 328. In *Magro*, the plaintiff in a class action alleged that defendant had charged it a "service occupation tax based on the retail price of parts installed in the [plaintiff's] automobile incident to such service rather than on defendant's cost price as authorized by section 3 of the Service Occupation Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 439.103)." (67 Ill. 2d 157, 159.) The trial court denied a motion by defendant to dismiss on the ground that "the suit did not present common questions of law and fact between plaintiff and the other members of the purported class." (67 Ill. 2d 157, 159.) This court affirmed. (*Magro v. Continental Toyota, Inc.* (1976), 37 Ill. App. 3d 1, 344 N.E.2d 675.) In reversing this court the supreme court used this language (67 Ill. 2d 157, 162-63):

> "In our opinion, the rationale of * * * [*Hagerty v. General Motors Corp.* (1974), 59 Ill. 2d 52, 319 N.E.2d 5] is controlling here. Whether the transfer of personal property constitutes a retail sale, a transfer incident to a sale of service, or a combination of both, depends upon the particular facts and circumstances of each transaction between defendant and its customers. Accordingly, a decision sustaining plaintiff's claim with respect to his transaction with defendant would not determine whether defendant had correctly charged and collected service occupation tax in transactions involving other customers. Furthermore, we do not agree that the nature of each transaction can be readily determined from the receipt given by defendant to its customers. While the receipt in question describes what parts were transferred and the price therefor, it does not establish whether the parts were sold at retail or were transferred incident to a sale of service."

The opinion in *Magro* was filed after the briefs in the case before us. Therefore, at our request both counsel filed memoranda regarding the applicability of that decision to the case before us. Plaintiff seeks to distinguish *Magro* for two reasons.

First. *Magro* was decided upon the sufficiency of the complaint and the case before us after a trial on the merits. As pointed out above, the judgment appealed from in the instant case specifically held that the suit was properly brought as a class action. Defendant appealed to this court from this judgment. The issue was therefore before this court. It is true as plaintiff urges that defendant's initial brief stated that no question was raised on the pleadings. (Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(1).) However, the issue regarding propriety of a class action was argued and briefed by defendant so that there is no waiver of the point. Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(7).

Second. Defendant's records are maintained in a segregated manner with separate records for distributors and dealers, who are not charged service occupation tax, and for retail customers from whom the tax is collected. This fact is immaterial. As shown by the language in *Magro*, applicable here and above quoted, each transaction with the entire large group of retail customers would present a separate problem regarding correctness of the charge and whether the parts were sold at retail or were transferred incident to a sale of service. The record before us shows that the so-called segregation was simply a physical separation of all of the pertinent invoices issued by defendant during the entire period of time involved into two transfer cases labeled "dealer" and "non-dealer." As shown, this would not solve the problem expressed in *Magro*.

We note also the opinion of this court following *Magro* and reaching the same result for the same reason as applied to another factual situation. (*Benjamin v. Chicago Transit Authority* (1977), 51 Ill. App. 3d 101, 366 N.E.2d 437.) This same principle has been codified by the Illinois legislature. Public Act 80—809, effective October 1, 1977, adds sections 57.2-57.7 to the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 1 *et seq.*) Section 57.2(2) provides that a class action is properly maintained only where "[t]here are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members."

The judgment appealed from is accordingly reversed and the cause is remanded with directions that plaintiff may proceed in its individual capacity to trial of the issues against defendant.

Judgment reversed and cause remanded with directions.

McGLOON and O'CONNOR, JJ., concur.