DONALD E. BARLIANT, d/b/a Mayuba Book Stores, Plaintiff-Appellant, *v.* HARCOURT BRACE JOVANOVICH, INC., Defendant-Appellee.

First District (1st Division)   No. 76-1354

Opinion filed January 9, 1978.

Earl D. Yaffe, of Yaffe, Mark and Barliant, of Chicago, for appellant.

Frank F. Fowle, Thomas D. Nyhan, and Thomas E. Buess, all of Pope, Ballard, Shepard & Fowle, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Donald E. Barliant, filed a class action on behalf of himself and other booksellers who purchased books from defendant Harcourt Brace Jovanovich, Inc., a publisher. Plaintiff alleged that defendant improperly assessed a hidden charge for insurance upon its mail-order customers as a part of an item labeled "Handling Charges." The crux of plaintiff's argument was that the hidden charge was in fact an overcharge and thus constituted a breach of contract.

After hearing arguments, the trial court granted defendant's motion to dismiss, concluding that the cause was not a proper class action. On appeal, plaintiff argues that the trial court erred in dismissing the action because (1) plaintiff and other members of the class share a community of interests in the subject matter of the claims; and (2) the amount designated as "Handling Charges" which exceeds actual transportation costs is an overcharge and constitutes a breach of contract.

We affirm.

Donald Barliant, the plaintiff here, is the owner of Mayuba Book Stores. He is also an attorney-at-law licensed to practice in this State. In fact, Barliant is a partner in the law firm that represents the class in the present action.

Barliant filed a complaint on behalf of himself and all others similarly situated "who have purchased books from defendant, Harcourt Brace Jovanovich, Inc., which books have been shipped to said class plaintiffs in the normal channels of commerce." Barliant alleged that he purchased books pursuant to terms published in defendant's various catalogues, trade journals, order forms, and consistent with custom and usage in the publishing industry. Under these terms, books were shipped F.O.B. points of shipment, which meant that customers paid transportation costs. These costs were designated on the invoice as "Handling Charges."

Barliant alleged that the amount included under "Handling Charges" was in excess of actual transportation costs, which Barliant argued should equal U.S. Postal Service fourth class (or bookpost) rates. Barliant alleged that use of the "Handling Charges" is an attempt by defendant to increase the price of books over the agreed purchase price. Consequently, Barliant argued that such practices constituted breach of contract, fraud, and deceptive trade practice within the meaning of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1975, ch. 121½, par. 311 *et seq.*). Defendant responded by stating "Handling Charges" include not only actual transportation costs, but also an amount for insurance or guarantee of delivery.

Barliant alleged further that the claims of the various members of the class pose common questions of law and fact; that there is a community of interest among class members in both the subject matter of the suit and

the remedy sought; that the individual plaintiff is able to represent the interests of the absent class members fairly and adequately; that a class action is necessary to prevent a multiplicity of lawsuits; that a class action is the superior method of resolving the dispute because of the small amounts of the individual claims; and that the remedy at law is inadequate.

After hearing arguments, the trial court granted defendant's motion to dismiss, concluding that the cause was not a proper class action. On appeal, Barliant argues that the trial court's order was in error inasmuch as (1) plaintiff and other members of the class share a community of interests in the subject matter of the claims; and (2) the amount designated as "Handling Charges" which exceeds actual transportation costs is an overcharge and constitutes a breach of contract.

In *Barliant v. Follett Corp.* (1977), 53 Ill. App. 3d 101, 368 N.E.2d 654, a case involving the same plaintiff and issues involved in the present case, we held that a proper class action was not established because of a lack of common questions of law or fact. As we noted, because the thrust of Barliant's lawsuit was a breach of contract, proof of facts alleged by Barliant would be inconclusive as to the contracts made by other members of the class. This is because the other class plaintiffs were free to make contracts with defendant which contained provisions not necessarily identical to those contained in Barliant's contract. This fact, when coupled with the extremely large number of class plaintiffs, made the potential for significant factual variations great. Consequently, we held that the requirement that there be common questions of law or fact among class plaintiffs was not met.

Accordingly, because *Follett* and the present case are, for all purposes, identical, we hold that Barliant has failed to establish a proper class action.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Order affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.