WILLIAM GOETZ et al., Plaintiffs-Appellants, v. THE VILLAGE OF HOFFMAN ESTATES et al., Defendants-Appellees.
First District (3rd Division) No. 77-1708

Opinion filed July 5, 1978.

Joel D. Weisman, of Siegan & Weisman, of Chicago, for appellants.

Lenard C. Swanson, Anne G. Kimball, Alvin R. Becker, James H. Canel, Victor J. Piekarski, Bruce H. Schoumacher, and Brian S. Hucker, all of Chicago (Wildman, Harrold, Allen & Dixon, Block, Levy & Becker, James H. Canel, Querrey, Harrow, Gulanick & Kennedy, Ltd., and McDermott, Will & Emery, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs appeal from an order of the circuit court of Cook County dismissing their amended complaint. Plaintiffs, three owners of residences in the Winston Knolls subdivision of the Village of Hoffman Estates, commenced this suit individually and on behalf of all other present and former owners in the subdivision. Plaintiffs sought compensatory and punitive damages for the alleged improper wiring of their homes. Defendants are Glow Electric, Incorporated, the Village of Hoffman Estates (hereinafter the Village), Edgar Rusch, and Centex Homes Corporation. Each of the defendants filed a motion to dismiss the amended complaint. They challenged certain deficiencies in the complaint including the question of whether the suit properly could be maintained as a class action. On August 15, 1977, the trial court entered the order of dismissal as to all defendants.

The amended complaint contained six counts. In each count plaintiffs sought to maintain the matter as a class action, alleging that the present and former homeowners and residents comprised a class of approximately 300 persons. Each count alleged that the named plaintiffs had encountered problems in their homes and that they had rewired their homes at a cost of over $1200 each. Plaintiffs also sought an unspecified amount of damages for fire and smoke damage to their homes. Plaintiffs further charged that other residents will encounter similar problems in the future and that, therefore, rewiring of all homes in Winston Knolls is necessary. Each count requested $360,000 representing the cost of rewiring the residences of all class members, plus an indeterminate sum to compensate for physical damage to plaintiffs' homes. Plaintiffs also sought court costs and attorneys' fees.

Counts I and II of the amended complaint were directed against Glow

Electric, an electrical contracting company which installed the wiring in plaintiffs' homes. Count I alleged that Glow Electric negligently installed "aluminum conductors and improper receptacles" in plaintiffs' homes and that such installation was in violation of the applicable building code. Count II charged that the same acts and omissions ascribed to Glow Electric in count I were intentional. Count II in addition to the forementioned compensatory damages, requested $500,000 in punitive damages.

Counts III and IV named as defendants the Village and Edgar Rusch, a village inspector. Count III charged that Rusch failed to properly inspect the wiring installed in plaintiffs' homes and that he negligently approved such wiring even though it was not safe or suitable for residences in Winston Knolls and was in violation of the village building code. Count IV repeated the allegations of count III, but characterized them as wilful and wanton and requested punitive damages in the amount of $500,000.

Counts V and VI of the amended complaint were directed against Centex Homes as being in charge of home construction in Winston Knolls. Count V charged that Centex Homes negligently specified the type and quality of wiring used in the residences, failed to supervise the installation of the wiring, and failed to comply with the minimum standards of the village building code. Count VI alleged that Centex Homes materially misrepresented to plaintiffs that the homes it would construct in Winston Knolls would be identical to model homes shown to prospective purchasers including plaintiffs. It further alleged that in reliance upon those misrepresentations plaintiffs purchased homes and later discovered that the wiring was not identical to that used in the model homes. Count VI charged that the difference in wiring resulted in a decrease in the value of plaintiffs' homes. Plaintiffs, in addition to the costs of rewiring and repair of physical damage, again sought $500,000 in punitive damages.

The sole issue for our consideration is whether plaintiffs' amended complaint sets forth facts sufficient to support the maintenance of a class action.

■■ Since this case was disposed of on defendants' motion to dismiss the complaint, all well-pleaded facts in plaintiffs' amended complaint must be taken as true. (*Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill. 2d 93, 187 N.E.2d 722.) The prerequisites for maintenance of a class action have been set forth in section 57.2 of the Civil Practice Act which provides:

> "(a) An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> > (1) The class is so numerous that joinder of all members is impractical.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." (Ill. Rev. Stat. 1977, ch. 110, par. 57.2)

Although the foregoing statute was passed after the commencement of the present action, the statute is applicable here since it is procedural in nature. *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634.

■■ We deem it necessary to determine only whether the amended complaint satisfies the requirement that questions of fact or law common to the class predominate over any questions affecting only individual members. Satisfaction of this prerequisite necessitates a showing that successful adjudication of the purported class representatives' individual claims will establish a right of recovery in other class members. See *Barton Chemical Corp. v. Hertz Corp.*, 52 Ill. App. 3d 214, 367 N.E.2d 398.

Plaintiffs contend that the allegations of their amended complaint demonstrate that all members of the class share common questions of law and fact. They urge that the issues central to the disposition of each member's claim are whether unsuitable and unsafe wiring was defectively installed in plaintiffs' homes and whether the wiring was properly inspected and certified as being in compliance with the village building code. Plaintiffs maintain that each member of the class was wronged in the same basic manner by defendants and that the remedy sought, rewiring of the homes, also is common to all members.

Defendants stress that the nature of the allegations of plaintiffs' amended complaint necessitate individual proof on the part of every class member: that the wiring used in the particular home was defective or unsuitable; that the wiring was negligently installed; that each plaintiff was not guilty of contributory negligence; and that the wiring system has not been substantially altered since the home was purchased. With respect to count VI, charging Centex Homes with misrepresentation, defendants maintain that each plaintiff would have to prove the facts and circumstances of his or her purchase transaction, including the element of reliance. Finally, even if plaintiffs could establish liability on the part of one or more defendants, the latter urge that the nature and extent of any physical damage to the residence would have to be established on an individual basis. In sum, defendants argue that although each and every class member nominally may have a cause of action grounded in tort and

based upon the existence of defective wiring, they are nevertheless separate and distinct causes of action which are not suited for class adjudication.

We believe defendants' position is sound. The present suit is not analogous to those cases cited by plaintiffs in which class actions have been allowed even though separate transactions are involved. In *Brooks v. Midas-International Corp.* (1977), 47 Ill. App. 3d 266, 361 N.E.2d 815, plaintiff sued on his own behalf and for all other defendant's customers who had been charged an amount in excess of an installation charge for replacement of a muffler. Defendant's advertising had stated that its customers would be charged only for installation service. Since the action was brought under the Consumer Fraud Act, reliance by any of the plaintiffs upon defendant's advertising was not an element of the suit. The sole factual issue, therefore, was whether plaintiffs had been overcharged by defendant, an issue which could be resolved by the simple expedient of producing plaintiffs' receipts. In *De Phillips v. Mortgage Associates, Inc.* (1972), 8 Ill. App. 3d 759, 291 N.E.2d 329, plaintiffs commenced a class action seeking to enjoin defendants from increasing the interest rate on their executed mortgages and to have the documents purporting to increase the interest rate declared null and void. Each plaintiff had received a letter from defendant requesting the execution of an amendment to the mortgage which would increase the rate of interest. The trial court found for the named plaintiffs on their claim, but held that the suit could not be sustained as a class action. We held that all members of the class similarly situated to plaintiffs were entitled to relief. Even though separate transactions were involved, the sole legal issue was whether defendant validly could require plaintiffs to execute the amendment raising the interest rate. Since the trial court had found in favor of the named plaintiffs on this issue, all other class members were entitled to similar relief.

In contrast, the present case involves separate, and by no means identical, transactions. The possibility that the named plaintiffs could establish that defendants were negligent or guilty of intentional misconduct in selecting, installing, and inspecting the wiring in their homes does not dispense with the need for proof of their negligence or misconduct with respect to every other home in the subdivision. Although the claim of each plaintiff involves the same basic issues, whether the wiring was suited for the particular premises and whether the wire was negligently installed, a finding that this suit may be maintained as a class action does not necessarily follow. As we have already observed, the propriety of a class suit depends upon whether a favorable ruling as to the named plaintiffs will establish a right of recovery in other class members. Here, even if the named plaintiffs succeed in proving their claims, the

issue remaining to be resolved is whether the wiring in each residence is defective. (*Barliant v. Follett Corp.* (1977), 53 Ill. App. 3d 101, 368 N.E.2d 654; *Gaffney v. Shell Oil Co.* (1974), 19 Ill. App. 3d 987, 312 N.E.2d 753.) The liability of one or more of the defendants is the central issue in the case and since each plaintiff must establish a claim with individual proof, the suit cannot properly be maintained as a class action.

An analogous situation to the present case is found in *Bailey v. Romney* (D.D.C. 1973), 359 F. Supp. 596, a case decided under Rule 23(b)(3) of the Federal Rules of Civil Procedure. Plaintiffs sought reimbursement from a Federal department for defects in homes they purchased. The court denied class certification noting that several considerations, including the existence of the defects at the time of purchase, whether the defects violated applicable statutory standards and the measure of damages, would vary among class members. Similarly here, proofs would vary according to whether the particular plaintiff was an original or subsequent purchaser. If the former, it would be necessary to show that the defect existed at the time of purchase; if the latter, it would have to be proved that the defect was not attributable to any conduct of the former owner. Moreover, the measure of damages, even including the cost of rewiring, would vary among all plaintiffs. We believe that questions requiring individual proof predominate over any issues common to the class.

While we rely on the conclusion that questions of fact or law common to the class do not predominate over questions affecting only individual members for our holding that a class action is inappropriate in the present case, we believe that the foregoing discussion demonstrates also that a class action is not an appropriate method for the fair and efficient adjudication of this controversy. Ill. Rev. Stat. 1977, ch. 110, par. 57.2(a)(4).

For the reasons stated, the judgment of the circuit court of Cook County dismissing the amended complaint as to all defendants is affirmed.

Judgment affirmed.

JIGANTI, P. J., and McGILLICUDDY, J., concur.