NANCEE M. LUCCHETTI, Plaintiff-Appellant, *v.* LOUIS A. LUCCHETTI *et al.*, Defendants-Appellees.

First District (1st Division)   No. 79-637

Opinion filed March 24, 1980.

William M. Doty, Jr., of Chicago, for appellant.

William Pellicore, of Chicago, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Nancee M. Lucchetti, filed an action requesting an accounting and the imposition of a constructive trust on the joint tenancies established in the names of Louis J. Lucchetti, the plaintiff's deceased husband and Dorothy Petermann and Louis A. Lucchetti, the defendants, who are the daughter and son of Louis J. Lucchetti by a previous marriage. The defendants, pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 45), filed a motion to dismiss the second amended complaint for failure to state a cause of action. The court sustained the defendants' motion and dismissed the action, and the plaintiff appeals. The plaintiff also appeals the order suspending discovery.

The plaintiff commenced the proceedings on September 12, 1977, and on October 11, 1977, the defendants filed a motion to dismiss the plaintiff's first complaint. The plaintiff then filed a request for production of documents which was denied, and the court entered an order on October 25, 1977, suspending discovery until the case was at issue.

Subsequently, in a second amended complaint the plaintiff alleged that Louis J. Lucchetti died in 1977, and that in 1974, while the plaintiff was married to the decedent, various joint tenancies were established by the decedent with the defendants on various bonds, bank accounts, certificates of deposit, and stock certificates previously held solely in the name of the decedent.

The plaintiff alleged the joint tenancies were a "sham" and a mere testamentary device, and in support of this allegation claimed that (1) the purpose of the joint tenancies was to avoid probate; (2) that the decedent had no present donative intent at the time the said accounts were created; (3) that the defendants did not use or enjoy the said accounts until the decedent's death; (4) that the necessary unities were not present; and

(5) that the decedent declared the plaintiff would receive one-third of his estate and executed a will which purported to convey the same to the plaintiff. The pleadings further claimed that the decedent maintained full control over the said accounts, and declared the interest and profits accrued from the accounts on his State and Federal income tax returns.

The plaintiff also alleged that the decedent's actions in creating the joint tenancies operated as a fraud in law upon her rights as the surviving spouse and requested the accounts be declared illusory and a "sham" and further, that the defendants' be made constructive trustees of the said accounts.

The defendants in the motion to dismiss the second amended complaint argued that the decedent could dispose of his property as he chose and that there was a presumption of a gift since the decedent created the joint tenancies with his children. In accordance with said motion, the court entered an order dismissing the second amended complaint for failure to state a cause of action.

On appeal the plaintiff argues the second amended complaint reasonably informed the defendants of the nature of the cause of action, and the court abused its discretion in denying discovery until the case was at issue.

■■ The Civil Practice Act provides that no pleading is bad in substance which contains information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet (Ill. Rev. Stat. 1977, ch. 110, par. 42(2)); and that all pleadings are to be liberally construed with a view toward doing substantial justice between the parties (Ill. Rev. Stat. 1977, ch. 110, par. 33(3)). A section 45 motion to dismiss a cause of action admits all facts well pleaded (*Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128, 359 N.E.2d 171), together with all reasonable inferences which can be drawn from the facts (*Pierce v. Board of Education* (1976), 44 Ill. App. 3d 324, 358 N.E.2d 67).

The plaintiff and defendants agreed that the case of *Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342, 383 N.E.2d 185, was applicable in determining if the second amended complaint stated a cause of action for fraud. *Johnson* was the consolidation of two cases reviewed by the Illinois Supreme Court. *Johnson v. La Grange State Bank* (1977), 50 Ill. App. 3d 830, 365 N.E.2d 1056, and *Havey v. Patton* (1977), 52 Ill. App. 3d 897, 368 N.E.2d 728. *Havey* is particularly applicable in that it involves a factual situation similar to the case at bar. In *Havey*, the decedent made the sister-in-law a joint tenant on a savings account and a certificate of deposit. It should also be noted that unlike the plaintiff, the parties in *Johnson* and *Havey* had a trial on the merits of their complaint and that the surviving spouse in those cases argued, as the plaintiff, that

the *inter vivos* transfer of property, by the decedent spouse fraudulently deprived the surviving spouse of marital rights in the property.

In discussing the factors that constitute fraud upon the surviving spouses' marital rights, the court in *Johnson* stated:

"When the cases discuss fraud on the marital rights of the surviving spouse, they are not considering fraud in the traditional sense.

\* \* \*

Since 'intent to defraud' in the context of these cases does not carry the traditional meaning of fraud, and since a property owner may convey his property for the precise purpose of defeating his spouses's marital property rights, the meaning of 'intent to defraud' must be construed in connection with the words 'illusory' and 'colorable' \* \* \*

The cases do not always differentiate between the terms 'illusory' and 'colorable.' However, it is acknowledged, within the sphere of the subject that we are now discussing, that an illusory transfer is one which takes back all that it gives, while a colorable transfer is one which appears absolute on its face but due to some secret or tacit understanding between the transferor and the transferee the transfer is, in fact, not a transfer because the parties intended that ownership be retained by the transferor. [Citation.]" 73 Ill. 2d 342, 358-59, 383 N.E.2d 185, 192-93.

The court then held that "an *inter vivos* transfer of property is valid as against the marital rights of the surviving spouse unless the transaction is tantamount to fraud as manifested by the absence of donative intent to make a conveyance of a present interest in the property conveyed. Without such intent the transfer would simply be a sham or merely a colorable or illusory transfer of legal title." (73 Ill. 2d 342, 361, 383 N.E.2d 185, 194.) In view of the court's holding, the second amended complaint must allege sufficient facts to indicate that the decedent had no present donative intent to transfer a present interest in his property. See also *Payne v. River Forest State Bank & Trust Co.* (1980), 81 Ill. App. 3d 1128, 401 N.E.2d 1229.

The pleadings in the second amended complaint clearly stated the following: (1) the decedent maintained full control and had no present donative intent at the time the said accounts were created; (2) the defendants did not use or enjoy the said accounts until the decedent's death; (3) the decedent declared the interest and profits on his State and Federal income tax returns; and (4) the decedent executed a will which purported to convey one-third of his estate to the plaintiff. According to *Johnson* these facts may indicate that the decedent did not have the intent to transfer a present interest in his property and that the transfer by the decedent may have been a "sham" or an illusory transfer of property.

■██ ■ The plaintiff also alleged the said accounts were created to avoid probate and the necessary unities were not present. These allegations appear to be conclusions of fact, and a section 45 motion to dismiss does not admit such conclusions of fact unsupported by allegations of specific facts (*Pollack v. Marathon Oil Co.* (1976), 34 Ill. App. 3d 861, 341 N.E.2d 101). However, the plaintiff has alleged sufficient facts in the second amended complaint to raise an issue as to the decedent's donative intent, and "[a] cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover." *Walker v. Rumer* (1978), 72 Ill. 2d 495, 502, 381 N.E.2d 689, 692.

■██ Therefore, according to *Johnson*, the second amended complaint reasonably informs the defendants of the nature of the cause of action in that it alleged sufficient facts to state a cause of action. Since the plaintiff has stated a cause of action, the defendant should be required to answer the second amended complaint, and the order entered suspending discovery is hereby vacated.

For the foregoing reasons, the order striking the second amended complaint and dismissing the cause of action and the order suspending discovery are hereby reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

GOLDBERG, P. J., and O'CONNOR, J., concur.