JOE SCOTT *et al.*, Plaintiffs-Appellants, *v.* AMBASSADOR INSURANCE CO., Defendant-Appellee.

First District (5th Division)    No. 80-2277

Opinion filed September 4, 1981.

Joseph L. Dombrowski, of Chicago, for appellants.

Pollina, Critz & Phelan, of Northbrook, and Lord, Bissell & Brook, of Chicago (Dennis R. Pollina and Hugh C. Griffin, of counsel), for appellee.

Mr PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiffs appeal from the dismissal of count III of their complaint

which purported to state a class action for alleged tortious breach of contract with plaintiffs and other members of the class.

In pertinent, count III alleges that plaintiffs are representatives of a class of people who purchased automobile liability insurance policies from defendant which included uninsured motorists coverage; that they "have been unable to amicably settle uninsured motorists claims with defendant"; that defendant "through a continuous course of deliberate, wilful and wanton procrastination" refused to consider the claims of plaintiffs and class members "without a lawsuit being filed to compel settlement"; that defendant wilfully and wantonly breached its duty to act in good faith and to deal fairly with the plaintiffs and class members; that, as a result, plaintiffs and the class members were required to retain the services of attorneys to recover under their policies; and that they were damaged in the amount of the fees paid to those attorneys for which they asked judgment. A motion to dismiss count III was granted in an order which includes language making it appealable under Supreme Court Rule 304(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 304(a)), and this appeal followed.

OPINION

The sole issue, as stated by the parties, is whether the four prerequisites to a class action were sufficiently set forth in count III to withstand a motion to dismiss. The prerequisites, as provided in section 57.2(a) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57.2(a)), are "(1) The class is so numerous that joinder of all members is impracticable. (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. (3) The representative parties will fairly and adequately protect the interest of the class. (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy."

A motion to dismiss as true all facts well pleaded, together with reasonable inferences drawn from those facts (*Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538), but only for the purpose of determining whether as a matter of law those facts sufficiently state a claim upon which relief may be granted (*O'Fallon Development Co. v. Ring* (1967), 37 Ill. 2d 84, 224 N.E.2d 782), and conclusions unsupported by allegations of specific fact are not admitted (*Lucchetti v. Lucchetti* (1980), 82 Ill. App. 3d 630, 402 N.E.2d 854).

■■ Upon appeal from a dismissal for failure to state the proper grounds for a class action, we are first required to determine whether plaintiffs' complaint stated a valid cause of action. (*Landesman v. General Motors Corp.* (1978), 72 Ill. 2d 44, 377 N.E.2d 813.) As stated by the court in *Landesman*:

"The requirement that the named representatives of the putative class possess a valid cause of action is subsumed in at least two of the aforementioned elements (which do not materially differ in this respect from the common law elements). Element '(2)'—the requirement that common questions of law or fact predominate—obviously assumes that the complaint states facts which, if proved, would present questions of fact for the trier of fact. Element '(3)'—the requirement that the named 'parties' be adequate representatives of the class—also assumes that, as 'parties,' they possess a valid cause of action." 72 Ill. 2d 44, 48, 377 N.E.2d 813, 814.

In substance, it is alleged in count III that defendant breached a duty to act in good faith towards plaintiffs and the other class members by refusing to consider settlement of their uninsured motorists claims, and they were thus required to retain attorneys to effect a recovery of those claims. In this regard, we note that the insurance policy issued to plaintiffs is not included in the record, but the uninsured motorists endorsement there is set forth in their complaint as follows:

"The Company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company, or if they fail to agree, by arbitration."

It is clear that this endorsement of itself creates no duty to settle any claims and that it requires payment only when an insured is legally entitled to recover damages from the owner or operator of an uninsured automobile for "bodily injuries" sustained in an accident involving the uninsured vehicle. Here, there is no assertion in count III that plaintiffs or the class members were legally entitled to damages from the owner or operator of an uninsured automobile. Moreover, the endorsement assumes the possibility that a settlement may not be effected by providing that the determination of legal entitlement to damages and the amount thereof was to be made by an agreement of the parties and, upon their failure to agree, by arbitration. While it might be inferred from the allegation of count III that the parties could not make such a determination, there is no allegation that defendant refused to participate in arbitration proceed-

ings. Indeed, no reference to arbitration is made in count III or elsewhere in the complaint.

■■ In the absence of any allegation that plaintiffs and the other class members were legally entitled to damages from the owner or operator of an uninsured automobile or that defendant had refused to participate in arbitration proceedings, plaintiffs and the class members have stated no cause of action against defendant.[1]

■■ Turning then to the four prerequisites to a class action, we initially see that defendant does not maintain that the first—so-called "numerosity" requirement—is not adequately set forth in count III. Concerning prerequisite (2), "the predominate common question of fact or law" requirement, we note the statement of the court in *Goetz v. Village of Hoffman Estates* (1978), 62 Ill. App. 3d 233, 236, 378 N.E.2d 1276, 1279, that "[s]atisfaction of this prerequisite necessitates a showing that successful adjudication of the purported class representatives' individual claims will establish a right of recovery in other class members." (See also *Barton Chemical Corp. v. Hertz Corp.* (1977), 52 Ill. App. 3d 214, 367 N.E.2d 398.) In the case before us, adjudication of the named plaintiffs' claim would not establish a right to recovery in any of the other purported class members. This is evident from the necessity of making individual factual determinations as to whether each class member was "legally entitled" to damages from an uninsured motorist for bodily injuries sustained. This entails the resolution of a number of questions which, in turn, would depend upon the facts and circumstances of each case, such as (a) negligence and causation; (b) the extent of the bodily injuries and the reasonableness of expenses resulting therefrom; (c) whether each class member had provided all necessary information as required by their policies of insurance; and (d) whether an attorney was in fact required to be retained by each class member. In view thereof, we think it clear that there is no predominate question of law or fact here, and thus prerequisite (2) was not satisfied.

In support of their position, plaintiffs refer us to *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634, *Fiorito v. Jones* (1968), 39 Ill. 2d 531, 236 N.E.2d 698, and *Harrison Sheet Steel Co. v. Lyons* (1959), 15 Ill. 2d 532, 155 N.E.2d 595—cases in which the maintenance of suits as class actions was sustained despite the presence of specific issues affecting individual class members. This court, however, in *Morrissy v. Eli Lilly & Co.* (1979), 76 Ill. App. 3d 753, 394 N.E.2d 1369,

---

[1] No question of entitlement to attorney's fees as damages is raised by defendant and, in view of our disposition of this appeal, it will not be necessary to consider it. See section 155 of the Illinois Insurance Code (Ill. Rev. Stat. 1977, ch. 73, par. 767), which provides for an award of attorney's fees as taxable costs where the conduct of an insured is vexatious and unreasonable; see also *Sorenson v. Fio Rito* (1980), 90 Ill. App. 3d 368, 413 N.E.2d 47; *Debolt v. Mutual of Omaha* (1978), 56 Ill. App. 3d 111, 371 N.E.2d 373.

recently discussed those cases in its review of a trial court's denial of certification of a class consisting of daughters of women who ingested the drug DES during pregnancy and were allegedly injured as a result thereof. In concluding that the action could not be maintained as a class action because individual determinations of proximate cause predominated over common questions of fact or law, the court stated:

> "In *Steinberg* to be resolved on an individual class member basis were straightforward questions of fee payment and reliance. In complex accounting evidence of tax payment, amount of payment and tax absorption by the taxpayer were the accessory individual issues in *Fiorito.* * * * The questions of hypothetical, minor variations were found insufficient grounds to deny a class action in *Harrison.* In contraposition to the minimal individual issues that existed in the foregoing cases is the ampliate array of causative, contributive or influencive factors indentified by defendants in the case at bar, which must be decided as to each individual member of the proposed classes in determining proximate cause, compelling us to conclude that, contrary to section 57.2(a)(2), the questions of fact or law affecting the individual members of the proposed classes would indeed predominate over questions of fact or law common to the class. A decision sustaining plaintiff's right to medical management damages by virtue of her mother's ingestion of DES would not establish the right of any other purported class member to a similar remedy." (76 Ill. App. 3d 753, 762, 394 N.E.2d 1369, 1376.)

Here also, as stated above, significant individual issues predominate since significant separate determinations must be made as to each class member and, accordingly, we find that *Steinberg, Fiorito,* and *Harrison* are not applicable here.

For the reasons stated, we affirm the judgment dismissing count III.

Affirmed.

LORENZ and MEJDA, JJ., concur.