**Gabriel B. FRANK, and Laura L. Frank, his wife,**

v.

**LINCOLN NATIONAL LIFE INSURANCE COMPANY.**

**Civ. A. Nos. 82–2914, 82–4203.**

United States District Court, E.D. Pennsylvania.

Jan. 21, 1983.

Gabriel B. Frank, Jr., Lancaster, Pa., for plaintiffs.

Carl Oxholm, III, Philadelphia, Pa., for defendant.

### OPINION

LUONGO, Chief Judge.

On July 7, 1982, plaintiffs, Gabriel and Laura Frank, filed a complaint against Lincoln National Life Insurance Company alleging breach of an insurance contract.

---

They have charged the defendant with bad faith in withholding the benefits due under that contract and claim compensatory and punitive damages. Lincoln National insures the Franks under a group medical policy issued to Mr. Frank's employer, State Farm Mutual Automobile Insurance Company.

Defendant filed a Motion to Dismiss this action for lack of subject matter jurisdiction, contending that the amount in controversy was less than $10,000. Defendant later withdrew that motion and filed its answer to the complaint. Although the motion has been withdrawn, I must nevertheless consider the issue of jurisdiction. *Trent Realty Assoc. v. First Federal Savings & Loan Assoc.*, 657 F.2d 29, 36 (3d Cir.1981).

This court's jurisdiction has been invoked under 28 U.S.C. § 1332 based on diversity of citizenship between the parties and an amount in controversy exceeding $10,000. Unquestionably there is diversity of citizenship between the parties. Plaintiffs are citizens of Pennsylvania and defendant is an Indiana corporation with its principal place of business in Indiana. The difficulty is with the jurisdictional amount. Plaintiffs have alleged that defendant has refused to pay $5,311.49 of benefits allegedly due under the group policy. In addition, plaintiffs seek in excess of $50,000 in compensatory and in excess of $50,000 in punitive damages. Without the claims for compensatory and punitive damages, plaintiffs cannot meet the $10,000 jurisdictional minimum.

To determine if plaintiffs meet the jurisdictional amount, I must decide which state's law applies and whether claims for compensatory and punitive damages can be maintained under that law.

Plaintiffs expended $7,605.99 for a 26 day stay at the Longevity Institute in Miami, Florida for the treatment of arteriosclerosis and migraine headaches. Defendant refused to pay $5,311.49 of those charges, claiming that the Longevity Institute was a hotel

and not a hospital. Plaintiffs contend that this refusal was in bad faith and that defendant acted "fraudulently, oppressively, maliciously and outrageously."

There are three states which have contacts with this controversy: Pennsylvania, where plaintiffs live and Mr. Frank works; Indiana, where defendant, Lincoln National, is incorporated and has its principal place of business; and Illinois where State Farm Mutual Automobile Insurance Company, the policyholder and Mr. Frank's employer, has its principal place of business.[1]

Because this is a diversity action, I must apply the choice of law rules of the forum state, Pennsylvania, in determining which state's law applies. *Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In *Griffith v. United Air Lines*, 416 Pa. 1, 203 A.2d 796 (1964) the Pennsylvania Supreme Court selected a flexible choice of law rule in tort cases which was extended to contract cases by *Melville v. American Home Insurance Co.*, 584 F.2d 1306 (3d Cir. 1978). This rule requires an analysis of both the contacts of the parties with the states involved and of the interests of those states in the issues in controversy. *Id.* at 1311.

Plaintiffs contend that Indiana law, which allows claims for punitive and compensatory damages for the breach of an insurance contract, is applicable. *Craft v. Economy Fire & Casualty Company*, 572 F.2d 565 (7th Cir.1978), *Hibschman Pontiac, Inc. v. Batchelor*, 362 N.E.2d 845 (Ind.1977). Defendant asserts that Pennsylvania law, which does not allow the recovery of either punitive or compensatory damages, is the correct choice. *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Company*, 494 Pa. 501, 431 A.2d 966 (1981), *Gurnick v. Government Employees Insurance Company*, 278 Pa.Super. 437, 420 A.2d 620 (1980). Although neither party advanced it, a strong argument can also be made for the application of Illinois law because the insurance policy itself states that

---

1. Florida, where the disputed medical treatment was provided, is a fourth state having contacts with the controversy, but Florida's contacts are minimal and, since neither party urges the applicability of Florida law, I will not consider it.

it is to be governed by the law of Illinois. If Illinois law were to be applied, compensatory damages for the breach of an insurance contract would be permitted, but punitive damages would not. *See e.g., Scott v. Ambassador Insurance Company,* 100 Ill. App.3d 184, 55 Ill.Dec. 627, 426 N.E.2d 952 (1981); *Lynch v. Mid America Fire and Marine,* 94 Ill.App.3d 21, 49 Ill.Dec. 567, 418 N.E.2d 421 (1981);[2] *Hoffman v. Allstate Insurance Company,* 85 Ill.App.3d 631, 40 Ill.Dec. 925, 407 N.E.2d 156 (1980).[2] Plaintiffs' counsel has conceded[3] that, notwithstanding the allegations of the complaint, plaintiffs can establish no compensatory damages beyond $5,311, and, in order to meet the jurisdictional amount, plaintiffs must rely upon punitive damages. Within this context, there is no true conflict between the application of Pennsylvania or Illinois law as plaintiffs cannot meet the jurisdictional minimum under the law of either state. I, therefore, need not choose between them.

The factors supporting the choice of Indiana law are that it is the principal place of business and the state of incorporation of defendant and, according to plaintiffs, the place where the contract was negotiated and is to be performed.

The strongest factor for the application of Illinois law is that it is the choice of law made by the parties to the insurance contract. In addition, Illinois is where the policyholder has its principal place of business.

■ Factors favoring the applicability of Pennsylvania law are that plaintiffs are residents of Pennsylvania, Mr. Frank is employed here, and the harm resulting from the alleged breach of contract was suffered in Pennsylvania. The choice of Pennsylvania law is also supported by *Melville* in which the court emphasized the strength of

the interest of the state of domicile of the insured in assuring that the insured has the coverage deemed adequate by the state. *Id.* at 1313–14.[4]

■ In my view, the interests of and contacts with both Pennsylvania and Illinois are greater than the interests of and contacts with Indiana. Therefore, because Indiana law does not apply, plaintiffs fail to meet the jurisdictional amount and their complaint will be dismissed for lack of jurisdiction.

Civil Action No. 82–4203, which is identical to the instant case, was originally filed in the Court of Common Pleas of Delaware County, Pennsylvania, and was removed to this court on September 24, 1982. Because this court lacks jurisdiction, that action will be remanded to the Court of Common Pleas of Delaware County in accordance with 28 U.S.C. § 1447.

---

**2.** Certiorari or Appeal Denied or Dismissed.

**3.** In a letter to the court dated January 6, 1983, counsel stated that "while the Laws of Illinois would allow a compensatory claim, such claim would be limited to the actual damages. To that extent, Plaintiff's (*sic*) hereby find no relief in advancing such a claim in that the jurisdictional amount would not be attained."

**4.** While *Melville* concerned a life insurance policy and, therefore, relied in part on *Restatement (Second) of Conflict of Laws* § 192, I nevertheless find the rationale behind the state's interest applicable to a medical insurance policy as well.