JOHN BUAIS, as Father and Next Friend of Jason L. Buais, a Minor, Plaintiff-Appellant, v. SAFEWAY INSURANCE COMPANY, Defendant-Appellee.

First District (1st Division)   No. 1—94—0535

Opinion filed September 18, 1995.

Friedman & Olson, Ltd., of Chicago (Roy Olson and Blake W. Horwitz, of counsel), for appellant.

Parrillo, Weiss & O'Halloran, of Chicago (Michael J. O'Halloran and Keely Truax, of counsel), for appellee.

JUSTICE WOLFSON delivered the opinion of the court:

In this case we examine the remedies available to a policyholder who claims he has been treated unfairly by his insurance company.

## BACKGROUND

On June 9, 1987, six-year-old Jason L. Buais was struck by a car as he crossed the street. He suffered a concussion, multiple abrasions of the head and chest, and a ruptured left kidney that was removed in emergency surgery.

The driver of the car was not insured at the time of the accident. Jason's father, John Buais (Buais), filed an uninsured motorist claim with his own insurance company, Safeway Insurance Company (Safeway). The policy provided that arbitration was the only way to resolve any dispute which arose under the policy.

The matter eventually was submitted to arbitration. The arbitrator, in a written decision dated October 26, 1989, awarded Buais $15,000—the full amount of the policy.

Plaintiff contends Safeway had all the information it needed to resolve the dispute before arbitration, but failed to investigate the matter or make any kind of offer during the 30 months between the accident and the arbitrator's decision.

After the arbitration was completed, the plaintiff filed a complaint against Safeway in the circuit court. It alleged that Safeway breached an implied covenant of good faith and fair dealing by withholding benefits until the arbitration hearing was held, causing the plaintiff to expend monies for legal fees and other costs. In addition to the common law claim, the plaintiff alleged the bad-faith behavior of Safeway warranted the imposition of statutory damages under section 155 of the Illinois Insurance Code. 215 ILCS 5/155 (West 1992).

After a series of complaint dismissals and amendments, the trial court entered a final order dismissing the plaintiff's cause of action,

ruling that an insurer has no duty to participate in settlement discussions before arbitrating the claim.

For reasons that follow, we affirm the trial court's dismissal of the plaintiff's common law claim, but reverse and remand its dismissal of the section 155 claim.

## DECISION

■ First, a matter of procedure. We note that the motions brought by Safeway in the trial court do not refer to any section of the Code of Civil Procedure. The courts have spoken on that subject:

> "Meticulous practice dictates that a lawyer specifically designate whether her motion to dismiss is pursuant to section 2—615 or section 2—619. [Citations.] The failure to do so may not always be fatal, but reversal is required if prejudice results to the nonmovant." *Illinois Graphics Co. v. Nickum* (1994), 159 Ill. 2d 469, 484, 639 N.E.2d 1282.

The court in *Nickum* went on to say that in this kind of situation "reviewing courts typically review the nondesignated motion according to its grounds, its requests, or its treatment by the parties and the trial court." *Illinois Graphics v. Nickum*, 159 Ill. 2d at 484.

We have done that.

In its motion to dismiss the third amended complaint, Safeway alleged that the claim for breach of good faith and fair dealing was preempted by the provisions of the Insurance Code. Safeway also alleged that "the complaint fails to state a cause of action" because "an insurer has no duty to settle uninsured motorist claims; the insurer's sole duty is to arbitrate such claims." Ruling on this motion, the trial court said, "The motion is granted, the court finding that the insurer has no duty to settle an uninsured motorist claim as opposed to arbitrating such a claim."

In its motion to dismiss the fourth amended complaint, Safeway again argued that plaintiff's complaint failed to state a cause of action. The trial court granted the motion.

Based on the language used in both the motions and the orders, we find that the trial court dismissed plaintiff's complaint pursuant to section 2—615 for failure to state a cause of action. We therefore direct our attention to the allegations of the plaintiff's complaint.

## COMMON LAW TORT ACTION

■ Plaintiff alleged that Safeway, as his insurer, owed him the duty to act in good faith and to deal fairly. He contends Safeway breached that duty by unreasonably refusing to negotiate his uninsured motorist claim.

The trial judge found that the complaint did not state a cause of action. On appeal, Safeway says the trial judge was right for another reason: Section 155 preempts the field.

This appellate district has consistently held that section 155 is the exclusive remedy available to a policyholder who has a bad-faith claim against its insurance company.

In *Perfection Carpet, Inc. v. State Farm Fire & Casualty Co.* (1994), 259 Ill. App. 3d 21, 25, 630 N.E.2d 1152, we said:

> "Section 155 preempts a claim by an insured against his insurer for the breach of the duty of good faith and fair dealing, an implied term of a contract of insurance."

In *Mazur v. Hunt* (1992), 227 Ill. App. 3d 785, 789, 592 N.E.2d 335, we held that "by enacting section 155, the legislature evinced its intention to preempt the field." In *Mazur*, the "field" included an insured's fraud claim against his company.

Other cases holding the field is preempted by section 155 include *Combs v. Insurance Co.* (1986), 146 Ill. App. 3d 957, 497 N.E.2d 503, *Trautman v. Knights of Columbus* (1984), 121 Ill. App. 3d 911, 460 N.E.2d 350, and *Tobolt v. Allstate Insurance Co.* (1979), 75 Ill. App. 3d 57, 393 N.E.2d 1171.

We are aware of decisions from other districts of this court holding that section 155 does not preempt a plaintiff's right to claim compensatory, as opposed to punitive, damages for its insurance company's breach of good faith and fair dealing. See *Emerson v. American Bankers Insurance Co.* (1992), 223 Ill. App. 3d 929, 585 N.E.2d 1315 (a fifth district case); *Hoffman v. Allstate Insurance Co.* (1980), 85 Ill. App. 3d 631, 407 N.E.2d 156 (a second district case).

Because we believe those decisions do not accurately reflect the legislative policy behind section 155, we respectfully decline to follow them.

We find that the plaintiff's common law claim in this case is preempted by section 155. Therefore, we affirm the trial court's dismissal of that claim.

SECTION 155

The plaintiff alleged that Safeway unreasonably and vexatiously delayed any attempt to settle the uninsured motorist's claim. His section 155 claim was dismissed, the trial court finding no claim was stated because Safeway had no obligation to settle the claim before proceeding to trial.

The plaintiff did not contend Safeway was obliged to settle the claim. His lawsuit alleges Safeway's utter refusal to negotiate settlement in good faith. Buais says, in effect, that Safeway erected a stone

wall between itself and its insured, simply waiting out the 30 months from the time of the accident until the arbitrator's decision was announced, all the time knowing it would have to pay out the full amount of the policy. He contends the law requires insurance companies to treat their insureds in a more decent fashion.

■ Section 155 provides, in part:

> "Attorney fees. (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or *for an unreasonable delay in settling a claim,* and it appears to the court that such action *or delay* is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts." (Emphasis added.) 215 ILCS 5/155 (West 1992).

An insurer does not violate the statute merely by insisting on a trial it loses. (*Keller v. State Farm Insurance Co.* (1989), 180 Ill. App. 3d 539, 554-55, 536 N.E.2d 194.) But a vexatious and unreasonable delay in settling a claim does authorize the trial court to award fees and costs on the authority of section 155. (*Myrda v. Coronet Insurance Co.* (1991), 221 Ill. App. 3d 482, 489, 582 N.E.2d 274.) In deciding whether an insurer is liable, a trial court should consider the totality of the circumstances, including the insurer's attitude. *Norman v. American National Fire Insurance Co.* (1990), 198 Ill. App. 3d 269, 304-05, 555 N.E.2d 1087.

Safeway relies on *Scott v. Ambassador Insurance Co.* (1981), 100 Ill. App. 3d 184, 426 N.E.2d 952, and *Pillott v. Allstate Insurance Co.* (1977), 48 Ill. App. 3d 1043, 363 N.E.2d 460, to support its position that its only duty to the plaintiff was to arbitrate. Those cases do not help Safeway.

In *Scott*, there was no section 155 claim. The issue was whether a class action for tortious breach of contract could be maintained against an insurance company that refused to settle uninsured motorist claims. In dismissing the claim, the court noted that the plaintiffs did not allege they were legally entitled to damages from the uninsured motorists.

*Pillott*, too, was not a section 155 case. That case did involve a claim that the insured's company refused to negotiate a settlement in good faith, instead waiting for an arbitration hearing. The court held Allstate's "sole duty under the policy was to arbitrate *disputed* uninsured motorist claims." (Emphasis added.) *Pillott v. Allstate Insurance Co.*, 48 Ill. App. 3d at 1046.

The pertinent record at this point in the litigation does not reflect

any *bona fide* dispute under the policy between Buais and Safeway. The policy, which has been made part of the record, sets out the points of disagreement that would result in submittal to arbitration. They include whether the motorist who struck Jason Buais was insured, whether the plaintiff would be legally entitled to recover damages from the uninsured driver, and whether there was any dispute about the amount payable under the $15,000 policy.

According to plaintiff's complaint, there were no disagreements with Safeway. There was nothing but silence.

Plaintiff alleged the policy premiums were paid; that the policy limit for an uninsured motorist claim was $15,000; that he provided Safeway with documentation establishing that his six-year-old son, Jason, was struck by an uninsured motorist, and that Jason sustained severe injuries, including a ruptured kidney. In addition, plaintiff alleged that demand was made for the policy limits but that Safeway refused to make a reasonable investigation of the claim, refused to negotiate any settlement, and refused to make any offers. Rather, Safeway insisted on proceeding to arbitration, even though Safeway did not dispute any of the facts which would support Buais' entitlement to the policy benefits.

■ For purposes of this appeal, we take these factual allegations, together with reasonable inferences to be drawn from them, as true. (*Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538.) To withstand a motion to dismiss, the complaint must merely allege facts sufficiently setting forth essential elements of a cause of action. (*Jones v. Eagle II* (1981), 99 Ill. App. 3d 64, 424 N.E.2d 1253.) Read with section 155, this complaint does that.

There is no reason why the statutory remedy should not be available to an insured who has an uninsured motorist claim against his own insurance company. The statute refers to "*any* action *** against a company.*" (Emphasis added.) (215 ILCS 5/155 (West 1992).) It was the legislature's intent to "provide a remedy to an insured who encounters unnecessary difficulties when an insurer withholds policy benefits." (*Richardson v. Illinois Power Co.* (1991), 217 Ill. App. 3d 708, 711, 577 N.E.2d 823.) There is no exception in the statute for a policy that contains an arbitration clause.

We do not disagree with the trial court's statement that an insurance company has no duty to settle an uninsured motorist claim as opposed to arbitrating the claim. That is not what this case is about. This case is about a policyholder's claim that his insurance company refused to evaluate, investigate, or even talk about a claim where there was no *bona fide* dispute about coverage. When the attitude of an insurance company toward its insured is "not only vexatious, but

irritating, exasperating and provoking," the insured has the right to ask for relief under section 155. *Deverman v. Country Mutual Insurance Co.* (1978), 56 Ill. App. 3d 122, 124, 371 N.E.2d 1147.

Whether this insured is entitled to relief under section 155 is something the trial court will have to determine as the litigation moves along. We merely hold that the plaintiff's complaint states a cause of action under section 155 of the Insurance Code.

CONCLUSION

For the reasons stated, we affirm the trial court's dismissal of the plaintiff's common law action against Safeway; we reverse the trial court's dismissal of plaintiff's section 155 claim and remand that case for further proceedings consistent with this opinion.

Affirmed in part; reversed and remanded in part.

BUCKLEY and BRADEN, JJ., concur.